[Civ. No. 27273. Second Dist., Div. One. July 22, 1963.]

WALTER CLAUDE DURST, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LUMBERMENS MUTUAL CASUALTY COMPANY, Real Party in Interest.

David M. Durst and Chandler P. Ward for Petitioner.

No appearance for Respondent.

Morgan, Holzhauer, Burrows, Wenzel & Lynberg and Paul J. Schettler for Real Party in Interest.

THE COURT.—This is a proceeding to review by writ of mandate an order of respondent court denying petitioner's motion to require answers to interrogatories.

In the action pending in respondent court, petitioner, as plaintiff therein, seeks to recover under a personal disability policy issued by defendant, real party in interest herein,[1] alleging that he was totally disabled from injuries arising out of an automobile accident on December 5, 1957. By its answer, defendant denied that plaintiff was injured in the accident or that he sustained disability and therefore nothing was due plaintiff under the policy.

Pursuant to requests for admissions, defendant made the following admissions: That plaintiff was in an automobile accident on December 5, 1957; that its policy of insurance issued to plaintiff was in full force and effect and that the premiums were fully paid on the date of the accident; that plaintiff gave to defendant due notice of claim of loss, and submitted proof of loss indicating accidental injuries had been sustained in the accident; that plaintiff entered the Santa Monica Hospital on December 25, 1957, and that he remained there until February 5, 1958. It was further admitted that plaintiff had had two physical examinations at defendant's request, one on January 25, 1958, the other on March 27, 1962, by doctors of defendant's choice.

Defendant filed denials to certain of the requests for admission: It denied that "plaintiff sustained accidental bodily injury in an automobile accident on December 5, 1957" (No.5); that in the said accident plaintiff "fractured his left

---

[1]The parties will be referred to herein as "plaintiff," "defendant" and "the court."

ninth rib," "sustained a subepicardial injury," and "sustained shock of the nervous system" (Nos. 6, 7, and 8) ; that, as a direct and proximate result of injuries sustained in said accident, "plaintiff was totally disabled" within the terms of defendant's policy of insurance (No. 18); and that "the disability described in REQ. No. 18, was whole and continuous within twenty days of the accident on December 5, 1957, and prevented plaintiff from performing any and every duty pertaining to his occupation, for a period of fifty-two consecutive weeks and thereafter from engaging in any occupation or employment for wage or profit to the date of the service of this request for admission." (No.19)

Plaintiff thereafter served upon defendant and filed with respondent court the following six written interrogatories pursuant to section 2030, Code of Civil Procedure:

"1. In response to Plaintiff's Request for Admissions No. 5 herein you denied that plaintiff sustained accidental bodily injury in an automobile accident on December 5, 1957. State if such denial was based upon or supported by any fact or facts known to you, your agents, servants or employees which is contrary to or inconsistent with the claimed truth of plaintiff's assertion therein that he did in fact sustain accidental bodily injury in said automobile accident.

"2. If your answer to INT. No. 1 is affirmative, state the fact or facts upon which you based your denial or which support your denial of Plaintiff's Request for Admission No. 5, stating separately as to each such fact, the names, addresses and telephone numbers of all persons having knowledge of said facts, stating separately as to each any documents, statements, report, photograph, motion picture and physical evidence which can be used to prove the same or any part thereof, stating further the name, address and telephone number of the person or persons having the present possession thereof.

"3. If your answer to INT. No. 1 is negative, state whether or not you or any of your agents, servants, or employees conducted an investigation or inquiry as to the truth or falsity of the facts sought to be admitted by Plaintiff's Request for Admission No. 5.

"4. If your answer to INT. No. 1 is negative, state with particularity all basis, reasons, and grounds for your nonfactual denial of Plaintiff's Request for Admission No. 5.

"5. State separately and with particularity all facts known

to you, your agents, servants and employeees which will prove or tend to prove, in whole or in part, that the plaintiff did not suffer or sustain the following injuries in the automobile accident on December 5, 1957:

"(a) fracture of his left ninth rib;

"(b) subepicardical injury;

"(c) shock of the nervous system.

"6. State all facts known to you, your agents, servants and employees which are contrary to or inconsistent with the truth of the matters of fact which are sought to be admitted, but which were denied by you, set forth in Plaintiff's Requests for Admissions Nos. 18 and 19 previously served in this action, stating separately as to each such fact, the names, addresses and telephone numbers of all persons having knowledge of said facts, stating separately as to each any documents, statements, report, photograph, motion picture, and physical evidence which can be used to prove the same or any part thereof, stating further the name, address and telephone number of the person or persons having the present possession thereof."

To each of the above interrogatories, defendant made identical objection, as follows: "Upon the ground that it calls for a conclusion, calls for hearsay, is too broad and is unreasonable." No claim is made that the information is not relevant to the subject matter of the action, or that it is privileged. (Code Civ. Proc., §§ 2030, subd. (b); 2016, subd. (b).)

We therefore look to the objections raised and the showing made by defendant, bearing in mind that plaintiff is entitled to demand answers to his interrogatories as a matter of right unless defendant has stated valid objections thereto. (*West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 422 [15 Cal.Rptr. 119, 364 P.2d 295]; *Coy* v. *Superior Court,* 58 Cal.2d 210, 220 [23 Cal.Rptr. 393, 373 P.2d 457].) "An order denying a motion for further answer, if predicated solely on an invalid objection, must be deemed an abuse of discretion." (*Coy* v. *Superior Court, supra,* p. 217.)

It is no objection that an answer might compel a party to give hearsay evidence, and insofar as the interrogatories may require the opinion or conclusion of the witness, such alleged incompetency, of itself, is not a proper objection. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 392 [15 Cal.Rptr. 90, 364 P.2d 266]; *West Pico Furniture Co.* v. *Superior Court, supra,* p. 417; *Smith* v. *Superior Court,* 189 Cal.App.2d 6, 12 [11 Cal.Rptr. 165, 88 A.L.R.2d 650].)

■ But the interrogatories herein do not call for opinions or conclusions; they ask only for the *facts* upon which defendant relies for its denials. See *Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], in which it is held that questions relating to the facts underlying the contentions of the parties are proper and should be answered. That case holds that a party is entitled to such information; that requests limited to facts presently known to a defendant upon which it predicates its defenses are not uncertain, do not call for opinions, and are not too broad or oppressive.

 We thus proceed to a consideration of the remaining objections. It is not clear as to the respect in which defendant claims the interrogatories are "too broad" and "unreasonable." The questions were not extensive, and are not of the "shotgun" variety to which reference is made in *West Pico Furniture Co.* v. *Superior Court, supra,* page 419, which defendant has cited to this court. In its argument in support of its objections in the trial court,[2] defendant states that interrogatories numbers 1, 2, 3 and 4 call for a conclusion; that numbers 5 and 6 "each ask that this defendant state 'all facts' upon which the defendant based his denials to the plaintiff's contention that he was physically injured and/or disabled as a result of the automobile accident of December 5, 1957. Such interrogatories are unreasonable and again ask for a conclusion, since the cause of the plaintiff's alleged injuries or disabilities are a matter of opinion." *Singer* v. *Superior Court, supra,* is applicable here. These contentions are not sustainable.

■ It was also argued (with no factual showing) that interrogatories, "a number of which are present in the pending interrogatories," were filed and additional discovery proceedings were had in another action arising out of the same accident, entitled *"Durst* v. *American Motorists Insurance Company, et al"* pending in the Santa Monica Municipal Court; that objections identical to those made herein were interposed in the other action and were sustained; that plaintiff's subsequent petition for writ of mandate in the superior court was denied.[3] Defendant states that the issues in the

---

[2]This court has augmented the record by having the file of the superior court transmitted to this court pursuant to rule 12, California Rules of Court, (Rules on Appeal, rule 12).

[3]An appeal has been taken from this ruling and is now pending in this court, 2nd Civil No. 27258.

other case "are almost identical," thus, "the plaintiff has exhausted his reasonable means of discovery and should be ready to proceed to trial in both lawsuits." Obviously the municipal court action is a separate action and involves a different defendant. The code provides that a party may not require *"the same adverse party"* to answer more than one set of interrogatories without prior order of the court. (§ 2030, subd. (a).)[4] (Italics added.) Further, "The number of interrogatories or of sets of interrogatories to be served is not limited except as above provided and except as justice requires to protect the party from annoyance, expense, embarrassment or oppression." (§ 2030, subd. (b).) Defendant's reliance upon the protection afforded by these provisions is misplaced in the present situation. It is stated in *Coy* v. *Superior Court, supra,* that the function of the interrogatory is twofold: "It not only ferrets out relevant information which may lead to other admissible evidence, but it immediately and conclusively binds the answering party to the facts set forth in his reply." (P. 219.) Clearly the latter purpose cannot be accomplished through interrogatories submitted to the defendant in the municipal court case. The ruling in the municipal court proceedings would not require a like ruling or, conversely stated, preclude a contrary ruling by the respondent court in the within action. That ruling had no connection with the present inquiry. (Cf. *Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 193 [23 Cal.Rptr. 375, 373 P.2d 439].) Thus, aside from the fact that there was no factual showing in support of the above assertions, the argument is without merit.

 It was further urged in the superior court that the questions are too broad to require this defendant to undertake a response because of "the fact that each of these interrogatories requires this defendant to examine some 19 requests for admissions and responses thereto, in the above-captioned case, in addition to the entire file in the case of *Durst* v. *American Motorists Insurance Company, et al.*" A similar argument is made in the points and authorities filed with the answer of defendant to the petition herein. It is asserted that the requested answers "are an annoyance, entail unwarranted and additional expense and if required, would constitute an oppression of this respondent." Defendant makes reference to three other pending actions commenced by plain-

---

[4] All references are to the Code of Civil Procedure unless otherwise specifically stated.

tiff arising out of the same accident by which, it is stated, plaintiff is attempting to recover on similar insurance policies; that one is the action against American Motorists Insurance Company (hereinabove mentioned), one is against Washington National Insurance Company, and the third is against this defendant. Defendant's summary of the procedural steps taken in the latter case, — the one against this particular defendant, indicates that no discovery proceedings were had therein. In this return, defendant advances the argument that "Answers to the requested interrogatories will involve the re-examination of the companion files referred to hereinabove as well as the instant case. This will entail the scrutiny of not only the examining and attending doctor's reports, hospital records and depositions, but also those available to this office in collatural cases filed against other carriers of which there are three discovered actions. The expense involved is difficult of estimation but it would appear that it would approach $1,000 to $1,500."

The protection to be afforded against oppressive interrogatories is governed by section 2019, subdivision (b) (1), made applicable to section 2030 by reference. It provides that upon motion of any party and *for good cause shown*, the court in which the action is pending may control the scope of the inquiries, limit the matters included therein, and make "any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

The trial court is granted great discretion in making orders under the provisions of section 2019, subdivision (b) (1), but such discretion does not authorize it to act on grounds not contemplated by the statute (*Coy* v. *Superior Court, supra*, pp. 221-222), and, as stated in *Greyhound Corp.* v. *Superior Court, supra*, page 383, the power to prevent abuse "is the power to exercise discretion based upon the factual showing made."

Defendant made no specific claim of annoyance, embarrassment, oppression or expense in the trial court, and this court may not consider objections raised for the first time in this proceeding. (*West Pico Furniture Co.* v. *Superior Court, supra*, page 414; *Coy* v. *Superior Court, supra*, pp. 216-222.)

A situation might be disclosed, however, where interrogatories are so broad and unreasonable as to be subject to judicial discretion under the statutory power to prevent abuse and advance the ends of justice. (See *Greyhound Corp.* v. *Superior Court, supra*, p. 383.) Respondent court, in denying

plaintiff's motion, has not stated the basis of its determination. It may be that the court considered the general objections made as the basis for protection from annoyance and expense. To suffice as a valid objection it must be supported by some showing. Defendant attempted no *factual* showing in the trial court as to any of the matters contained in its argument there, and the additional claims made here find no support in the record. (See *West Pico Furniture Co.* v. *Superior Court, supra,* pp. 417-418.) It is not self-evident to this court, based upon the record before us, why the requested answers will require an examination of files in other cases. We conclude that there were no facts before the trial court sufficient to constitute a basis for a finding of annoyance, expense, embarrassment or oppression.

It is ordered that the alternative writ be discharged and that a peremptory writ of mandate issue directing the trial court to vacate its order denying the motion for further answers, and to enter an order requiring further answers to the said interrogatories.