[Civ. No. 22457. First Dist., Div. One. Apr. 2, 1965.]

JACK MICHAEL O'BRIEN, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; BENNY TROEDEL, Real Party in Interest.

Cresswell & Davis and Jackson C. Davis for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

SIMS, J.—This matter is before the court upon a petition for writ of prohibition in which petitioner seeks relief from an order of respondent court granting the motion of the real party in interest to compel petitioner to give further answers to certain interrogatories. An alternative writ of prohibition issued but no return was made thereto by the real party in interest or anyone else, and the only appearance at the hearing was on behalf of petitioner.

The facts reflect that this matter arises out of an action filed by Benny Troedel, the real party in interest, to recover damages for personal injuries allegedly incurred in a three-vehicle accident, in which petitioner and others are named as defendants. On September 17, 1964, plaintiff mailed interrogatories directed to petitioner to the latter's attorney pursuant to the provisions of section 2030 of the Code of Civil Procedure. The original interrogatories were filed with the court on September 21, 1964. On October 8, 1964, petitioner's answers to the foregoing interrogatories were mailed to plaintiff, and the originals thereof were filed with the court on October 9, 1964.[1]

On October 27, 1964, more than 15 days after service of the answers, the plaintiff mailed his notice of motion and motion to compel further answers to interrogatories. This instrument which failed to fix a date of hearing was filed with respondent court on October 28, 1964. Thereafter, on October 29 plaintiff mailed, and filed the following day, an amended instrument setting the motion for hearing on November 6, 1964. ▇ At that time petitioner, among other objections, raised the provisions of section 2030 of the Code of Civil Procedure reading as follows: "If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response. Such motion must be upon notice given within fifteen (15) days

[1]Petitioner has also directed this court's attention to the following: The action was filed September 25, 1963; on December 16, 1963, respondent court established a rule requiring completion of discovery as a condition precedent to the filing of a memorandum to set; on May 22, 1964, plaintiff so certified in a motion to set which was filed on May 25, 1964; on August 12, 1964, the matter was set for pretrial conference on September 24, 1964, at which time the parties filed a joint statement requesting an order dispensing with pretrial conference, etc., in which it was indicated contrary to fact "that all depositions and discovery proceedings have been completed"; on the basis of the joint statement the court made such order reciting "all discovery is completed." Without condoning the flagrant disregard of the rules of respondent court, these matters are removed from consideration because of the conclusiveness of the matters set forth in the opinion.

from date of service of the answers or objections. Otherwise, the party submitting the interrogatories shall be deemed to have waived the right to compel answer pursuant to this section.'' Despite the fact that no showing to justify or show good cause for failure to comply with the foregoing provisions was produced by real party in interest, the respondent court overruled petitioner's objections and made the order which he seeks to have vacated.

The statutory language appears to be mandatory. In the absence of any showing to the contrary it is unnecessary to decide whether or not a party may be relieved of failure to make a timely motion, or under what circumstances such relief might be granted. ■ The conclusion that failure to move for further answers within the statutory time forecloses further relief is supported by the rule which requires a party to make his objections to the interrogatories within the statutory time, or be thereafter precluded from asserting them. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 216 [23 Cal.Rptr. 393, 373 P.2d 457]; *West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407, 414 [15 Cal.Rptr. 119, 364 P.2d 295]; and *Durst* v. *Superior Court* (1963) 218 Cal.App.2d 460, 467 [32 Cal.Rptr. 627].)

Authority exists for the use of the prerogative writs to review interim orders in discovery cases. Mandamus is generally resorted to where the trial court has abused its discretion in denying or restraining discovery. (*Coy* v. *Superior Court, supra,* 58 Cal.2d 210, 216; *West Pico Furniture Co.* v. *Superior Court, supra,* 56 Cal.2d 407, 415; *Durst* v. *Superior Court, supra,* 218 Cal.App.2d 460, 464; and see *Carlson* v. *Superior Court* (1961) 56 Cal.2d 431, 435-436 [15 Cal.Rptr. 132, 364 P.2d 308]; *Singer* v. *Superior Court* (1960) 54 Cal.2d 318, 327 [5 Cal.Rptr. 697, 353 P.2d 305]; and *Dowell* v. *Superior Court* (1956) 47 Cal.2d 483, 486-487 [304 P.2d 1009].) Prohibition has been sought where it is alleged that the lower court has abused its discretion in permitting or ordering further discovery. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185 [23 Cal.Rptr. 375, 373 P.2d 439]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 368, fn. 1 [15 Cal.Rptr. 90, 364 P.2d 266]; *Twin Lock, Inc.* v. *Superior Court* (1959) 52 Cal.2d 754, 758 [344 P.2d 788]; and *Gene Compton's Corp.* v. *Superior Court* (1962) 205 Cal.App.2d 365, 381 [23 Cal.Rptr. 250].) ■ Here, as in *Twin Lock, supra,* petitioner's failure to comply with the order of the court may subject him to the

sanctions imposed by section 2034 of the Code of Civil Procedure, and a review of the order on appeal from final judgment in the case will be of no utility. He is entitled to a peremptory writ of prohibition restraining respondent court from any further proceedings on the abortive notices of motions and motions filed October 28 and 30, 1964. Yet in the prayer of his petition, he seeks an order vacating the respondent court's order of November 6, 1964, which compelled him to answer the interrogatories. ■ Where the allegations and prayers of the petition are broad enough to encompass the appropriate remedy, it may be treated as a petition for such relief and the proper order may be granted. (*Proctor & Gamble Mfg. Co.* v. *Superior Court* (1954) 124 Cal.App.2d 157, 162 [268 P.2d 199]; *Los Angeles Transit Lines* v. *Superior Court* (1953) 119 Cal.App.2d 465, 468 [259 P.2d 1004]; and see *Caminetti* v. *Superior Court* (1941) 16 Cal.2d 838, 848 [108 P.2d 911].)

■ If a single writ will not grant all of the relief required the court may grant prohibition to prevent the lower court from acting in excess of its jurisdiction and mandamus to compel a mandatory act. (*Caminetti* v. *Superior Court, supra,* 16 Cal.2d 838, 848; *W. A. Rose Co.* v. *Municipal Court* (1959) 176 Cal.App.2d 67, 75 [1 Cal.Rptr. 49]; *California Emp. Stab. Com.* v. *Superior Court* (1944) 62 Cal.App.2d 781, 787 [145 P.2d 361].) ■ In order to give petitioner the relief he seeks the peremptory writ should issue in the conjunctive.

It is ordered that a peremptory writ of mandate and prohibition issue directing respondent superior court to vacate and set aside its order of November 6, 1964, compelling petitioner to make further response to the interrogatories filed with the court on September 21, 1964; and prohibiting respondent superior court from taking any proceedings in connection with the notices filed by the real party in interest on October 28 and October 30, 1964, respectively.

Sullivan, P. J., and Molinari, J., concurred.