[No. A108301. First Dist., Div. Four. Mar. 10, 2006.]

FRANCES BOYLE et al., Plaintiffs and Appellants, v.
CERTAINTEED CORPORATION, Defendant and Respondent.

## COUNSEL

Steven M. Harowitz, Stephen M. Tigerman, Marileni Mattis and Bryce C. Anderson for Plaintiffs and Appellants.

Lisa L. Oberg, Camille K. Fong, Mabi H. Ellis, William F. Sheehan and Thomas J. Mikula for Defendant and Respondent.

## OPINION

**SEPULVEDA, J.**—The San Francisco County Superior Court has a general order applicable to asbestos injury cases that provides for expedited summary judgment on 60 days notice and without supporting papers except for an attorney certification that plaintiff's discovery responses fail to identify evidence showing exposure to asbestos for which the defendant is responsible. We conclude that the trial court's general order conflicts with the statewide statute governing summary judgment motions, which requires 75 days notice and supporting evidence, and is thus invalid. (Code Civ. Proc., § 437c.) We reverse the summary judgment granted under the expedited procedure.

## I.

### FACTS

Plaintiffs are family members of Charles Edward Boyle who died in March 2002, allegedly from mesothelioma due to asbestos exposure. Plaintiffs filed a wrongful death action against CertainTeed Corporation (CertainTeed) and many other defendants. Plaintiffs allege that CertainTeed manufactured or distributed asbestos.

On June 11, 2004, CertainTeed served and filed notice of its intent to request expedited summary judgment pursuant to San Francisco County

Superior Court General Order No. 157 (General Order No. 157). Hearing was set for August 13, 2004, in 63 days. The request was supported by the declaration of CertainTeed's attorney, who declared that she reviewed all the discovery exchanged between the parties; that CertainTeed provided all the information it was required to produce in discovery; and that "[p]laintiffs' discovery responses and deposition testimony have not identified any competent evidence showing that Decedent Charles Boyle was exposed to asbestos for which CertainTeed is responsible." CertainTeed did not submit any other supporting papers. Plaintiffs opposed the motion. Plaintiffs filed an opposition brief in which they claimed that the expedited summary judgment procedure under General Order No. 157 violated Code of Civil Procedure section 437c, and also deprived them of due process. Plaintiffs also addressed the merits at length and submitted deposition transcripts, interrogatory responses, and documents as evidence allegedly showing decedent longshoreman's exposure to asbestos fibers imported by CertainTeed. Alternatively, plaintiffs requested a continuance to permit additional discovery. (Code Civ. Proc., § 437c, subd. (h).)

The trial court heard the expedited motion for summary judgment on August 13, 2004, and granted it. The court found that plaintiffs produced no evidence of exposure to asbestos or asbestos products manufactured, distributed, sold, or purchased by CertainTeed, and denied the requested continuance upon concluding that plaintiffs failed to state with specificity how additional discovery would establish exposure. The court entered judgment in CertainTeed's favor on August 26, 2004. Plaintiffs unsuccessfully moved for a new trial, and then filed this appeal.

## II.

## DISCUSSION

A. *Introduction*

■ There are several sources of authority for local judicial rule-making. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 966–967 [67 Cal.Rptr.2d 16, 941 P.2d 1203].) Those sources of authority include express legislative grants of power to adopt local rules for the judicial management of cases, standards of judicial administration recommended by the Judicial Council, and the inherent power of courts to control litigation before them. (*Ibid.*) The Judicial Council has recognized that complex civil litigation requires " 'specialized management to avoid placing unnecessary burdens on the trial courts or litigants.' " (*Id.* at p. 966, citing Cal. Standards Jud. Admin., former § 19. The San Francisco Superior Court has designated cases involving death and

injury from asbestos exposure as complex litigation under Judicial Council standards, and has established a procedure for the issuance of general orders applicable to asbestos cases filed in that court. (*Rutherford, supra,* 16 Cal.4th at pp. 966–967.) The San Francisco Superior Court's authority to issue those general orders in asbestos cases is not questioned on this appeal. It is the validity of one of those general orders that is challenged by plaintiffs.

Plaintiffs argue that General Order No. 157, allowing expedited summary judgment, conflicts with Code of Civil Procedure section 437c. It is well established that, whatever the source of authority for a local judicial rule, " 'trial judges have no authority to issue courtroom local rules which conflict with any statute' or are 'inconsistent with law.' " (*Rutherford v. Owens-Illinois, Inc., supra,* 16 Cal.4th at p. 967.) If General Order No. 157 conflicts with a statewide statute, then it is an inappropriate exercise of that court's rulemaking powers. (*Ibid.*)

B. *Plaintiffs did not waive their challenge to General Order No. 157*

CertainTeed does not defend General Order No. 157 as consistent with Code of Civil Procedure section 437c. Instead, CertainTeed insists that plaintiffs waived their challenge to General Order No. 157 by failing to raise the matter adequately in the trial court. CertainTeed concedes that plaintiffs did state in their summary judgment opposition brief that the general order violates Code of Civil Procedure section 437c and due process protections, but maintains that the challenge to the general order was nevertheless waived because plaintiffs did not support their claim with "reasoned argument and citations to authority" and also proceeded to address the motion on the merits.

CertainTeed misunderstands the concept of implied waiver, or forfeiture of a claim. "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [13 Cal.Rptr.3d 786, 90 P.3d 746].) The critical point for preservation of claims on appeal is that the asserted error must have been brought to the attention of the trial court. (See Evid. Code, § 353, subd. (a) [evidentiary objection must be timely made and articulate specific ground for objection].) There is no requirement that a trial court objection be supported by extensive argumentation to avoid forfeiture. If an appeal is pursued, the party asserting trial court error may not then rest on the bare assertion of error but must present argument and legal authority on each point raised. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481].) This latter rule is founded on the principle that an appealed judgment is presumed correct, and appellant bears the burden of overcoming

the presumption of correctness. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 [64 Cal.Rptr.2d 324].)

CertainTeed argues that the rule on appeal requiring claims of error to be supported by reasoned argument and legal citations extends to the trial court, and that a party forfeits a claim presented to the trial court unless the claim is supported by argumentation and citations to authority. The argument is untenable. In the appellate court, a party's challenge to a ruling must affirmatively prove error, which necessitates argumentation and citation of authority. But in the trial court, a party's challenge to a procedure is sufficient to preserve the issue on appeal if the challenge alerts the court to the alleged error, even without elaboration through argumentation and citation of authority.

Here, plaintiffs' summary judgment brief stated at the outset that "[t]he expedited summary judgment procedure provided by San Francisco County General Orders Nos. 140 and 157 violates the California Code of Civil Procedure . . . § 437c that provides the only method for a defendant to attempt to obtain summary judgment under California law."[1] Plaintiffs also subsequently argued that General Order No. 157 violates constitutional guarantees of due process, citing relevant authority. Plaintiffs' challenge to General Order No. 157 thus fully stated the nature and specific grounds for the challenge, and was sufficient to bring the matter to the trial court's attention. Further argumentation and citation of authority was not necessary to avoid forfeiture of the issue on appeal.

Nor did plaintiffs waive their challenge to General Order No. 157 by proceeding to argue the summary judgment motion on the merits. No waiver may be implied where, as here, a party alleging error has made its objection and then acted defensively to lessen the impact of the error. (*Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 857 [176 Cal.Rptr. 239].) A party's participation in a hearing after the party's objection to the hearing as unauthorized does not constitute waiver by acquiescence. (See *Woolls v. Superior Court* (2005) 127 Cal.App.4th 197, 204, fn. 3 [25 Cal.Rptr.3d 426] [no waiver implied from participation in arbitration after arbitrator overruled objection to the proceeding].)

*Carlton v. Quint* (2000) 77 Cal.App.4th 690 [91 Cal.Rptr.2d 844], upon which CertainTeed relies, is not to the contrary. In *Carlton v. Quint*, the court stated that a party's appearance at the hearing of a motion and filing of opposition to the motion is a waiver of any defects in the moving party's

---

[1] Plaintiffs do not pursue on appeal their trial court objection to General Order No. 140, concerning expedited summary judgment in cases receiving trial preference.

notice of motion. (*Id.* at p. 697.) The nonmoving party's appearance and filing of opposition demonstrates that the notice, even if defective, served its purpose of advising the party of the proceeding. (*Ibid.*) But the issue here is not whether the moving party provided adequate notice under the governing standard. The issue is whether the governing standard—General Order No. 157—is itself invalid. The facts of this case are closer to *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758 [15 Cal.Rptr.3d 839] (*Urshan*) than to *Carlton v. Quint, supra,* 77 Cal.App.4th 690.

In *Urshan*, the appellate court held that a trial court's order shortening the statutorily prescribed minimum notice period for hearing a motion for summary judgment was unauthorized and reversed summary judgment granted on shortened notice. (*Urshan, supra,* 120 Cal.App.4th at pp. 763–766, 769.) In doing so, the appellate court rejected the argument, similar to CertainTeed's, that the nonmoving party waived the error by opposing the motion on the merits. (*Id.* at pp. 767–768.) As here, the waiver argument in *Urshan* was founded upon *Carlton v. Quint, supra,* 77 Cal.App.4th 690. The *Urshan* court distinguished *Carlton v. Quint*: "the present case does not involve an alleged defect with the movant's service of notice, as was the case in *Quint*. It instead involves an unauthorized order by the trial court shortening time to notice the summary judgment hearing." (*Urshan, supra,* 120 Cal.App.4th at p. 768.) Likewise, the case now before us does not involve an alleged defect with CertainTeed's service of notice but an allegedly unauthorized order by the trial court shortening time to notice the summary judgment hearing, and altering the standards for production of evidence on the motion. Plaintiffs' opposition to the motion on the merits did not waive their challenge to the trial court's general order.

## C. *General Order No. 157 is invalid*

As noted *ante,* " 'trial judges have no authority to issue courtroom local rules which conflict with any statute' or are 'inconsistent with law.' " (*Rutherford v. Owens-Illinois, Inc., supra,* 16 Cal.4th at p. 967.) The question presented here is whether General Order No. 157 conflicts with Code of Civil Procedure section 437c.

### (1) *Code of Civil Procedure section 437c*

Code of Civil Procedure section 437c, subdivision (a) provides, in relevant part, that "[a]ny party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding . . . . Notice of the motion and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing." The statute also specifies that "[t]he motion

shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The supporting papers shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. The failure to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion." (Code Civ. Proc., § 437c, subd. (b)(1).)[2] On motion for summary judgment, "[a] defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action. Once the defendant or cross-defendant has met that burden, the burden shifts to the plaintiff or cross-complainant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

As interpreted by our Supreme Court, Code of Civil Procedure section 437c "continues to require a defendant moving for summary judgment to present evidence, and not simply point out that the plaintiff does not possess, and cannot reasonably obtain, needed evidence . . . . For the defendant *must* 'support[]' the 'motion' with evidence including 'affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice' must or may 'be taken.' (Code Civ. Proc., § 437c, subd. (b).) The defendant may, but need not, present evidence that conclusively negates an element of the plaintiff's cause of action. The defendant may also present evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence—as through admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 854–855 [107 Cal.Rptr.2d 841, 24 P.3d 493] fn. omitted, italics in original.) But the defendant must present evidence and may not simply point out through argument that the plaintiff lacks needed evidence. (*Id.* at p. 855.)

### (2) *General Order No. 157*

General Order No. 157 establishes an "expedited" summary judgment procedure: "A motion for summary judgment as provided in Code of Civil Procedure section 437c on the ground that there is no evidence tending to

---

[2] Statewide court rules also set standards for summary judgment motions. Those rules provide that a motion "must contain and be supported by" a notice of motion; a separate statement of undisputed material facts; a memorandum of points and authorities in support of the motion; evidence in support of the motion; and a request for judicial notice (if appropriate). (Cal. Rules of Court, rule 342(c).)

show that the plaintiff or plaintiff's decedent was exposed to asbestos for which the defendant is responsible, shall be deemed filed by each defendant that timely files and serves a Notice of Intent to Request Expedited Summary Judgment. This procedure may be used solely with respect to product, site and contractor identification issues. The Notice of Intent to Request Expedited Summary Judgment need not be accompanied by any supporting papers except" for the notice of intent itself.

"Such Notice of Intent shall contain a certification by defendant's counsel that: [¶] A. Such attorney has reviewed, or caused to be reviewed by another attorney or legal assistant working under the supervision of such attorney, all of the discovery which has been exchanged between the plaintiff and the moving defendant in the action; [¶] B. The moving defendant has provided plaintiff with all information in its possession, custody or control, other than expert discovery, which it is required to produce to plaintiff pursuant to General Order No. 129, or pursuant to other proper discovery demand or court order in the action; and [¶] C. Plaintiff's responses to discovery in the action have not identified any competent evidence tending to show that the plaintiff or plaintiff's decedent was exposed to asbestos for which the defendant is responsible."

The notice of intent must be served no later than 60 days before the date set for the hearing. If plaintiff opposes the motion, he or she must file a response with supporting evidence that establishes a triable issue of fact as to whether there was exposure to asbestos for which the defendant is responsible. The absence of a response is ground for dismissal of the action. If plaintiff does respond, the defendant then has the opportunity to reply.

> (3) *General Order No. 157 conflicts with Code of Civil Procedure section 437c*

General Order No. 157 allows a defendant to move for expedited summary judgment on 60 days notice rather than 75 days notice as established by Code of Civil Procedure section 437c, subdivision (a). General Order No. 157 requires no formal notice other than a standard form notice of intent to request expedited summary judgment; no separate statement of facts; no memorandum of points and authorities; and no evidentiary showing other than a conclusory statement by defense counsel that "[p]laintiff's responses to discovery in the action have not identified any competent evidence tending to show that the plaintiff or plaintiff's decedent was exposed to asbestos for which the defendant is responsible." The discovery requests and responses themselves need not be submitted on the motion for expedited summary judgment.

General Order No. 157 plainly conflicts with Code of Civil Procedure section 437c, subdivision (b)(1), which requires that a summary judgment

motion "shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The supporting papers shall [also] include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." The statute specifies that the moving party bears the initial burden of producing evidence, not the nonmoving party as under General Order No. 157. (Code Civ. Proc., § 437c, subd. (p)(2).) As the California Supreme Court has observed, a defendant moving for summary judgment under Code of Civil Procedure section 437c must present evidence and may not simply point out through argument that the plaintiff lacks needed evidence. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 855.) An unsupported declaration by defense counsel that plaintiff lacks needed evidence, as authorized under General Order No. 157 for expedited summary judgment, is little more than argument.

■ It is well established that local court rules in conflict with Code of Civil Procedure section 437c are invalid. In *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1254 [75 Cal.Rptr.2d 681] a local court rule provided: " '[i]f the court determines from a review of all of the evidence that the opposing party is entitled to summary judgment . . . the court may render that judgment . . . even though the opposing party made no cross-motion.' " The court held that the local rule was invalid because it conflicted with Code of Civil Procedure section 437c, which requires a noticed motion and the submission of supporting evidence. (*Sierra Craft, Inc. v. Magnum Enterprises, Inc., supra,* at pp. 1255–1256.) "Local rules may not provide a shortcut for these [statutory] requirements." (*Id.* at p. 1256.)

In *Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1084 [94 Cal.Rptr.2d 575], a trial court granted summary judgment to defendant because plaintiffs failed to file any opposition, pursuant to a local court rule providing that the failure to oppose a motion may be deemed an admission that the motion is meritorious. On appeal, the local rule was held invalid because it conflicted with Code of Civil Procedure section 437c by authorizing the trial court "to grant summary judgment based solely on the absence of opposition, without a preliminary finding that the moving party has met its initial burden of proof." (*Thatcher v. Lucky Stores, Inc., supra,* at pp. 1086–1087.) The *Thatcher* court emphasized that the statute requires that the moving party assume the initial burden of producing evidence that no triable issue of material fact exists. (*Id.* at p. 1085.)

Code of Civil Procedure section 437c's provision setting the minimum notice period for the hearing of a summary judgment motion also sets a statewide statutory standard that may not be varied by trial court orders. In *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112, 114 [130

Cal.Rptr.2d 407], the trial court issued an order granting trial preference and permitting summary judgment motions on only 21 days notice, in conflict with Code of Civil Procedure section 437c, subdivision (a), which mandated a minimum of 28 days notice at the time, and now mandates 75 days notice. The appellate court held that "in light of the express statutory language, trial courts do not have authority to shorten the minimum notice period for summary judgment hearings." (*McMahon v. Superior Court, supra,* at p. 118.) Similarly, *Urshan, supra,* 120 Cal.App.4th 758, 763–766, 769, held that the Legislature "deprived a trial court of the authority to shorten the notice period for hearing summary judgment motions," and reversed summary judgment granted on 10 days notice when the statute, at that time, required at least 28 days notice.

▮ Here, General Order No. 157 permits expedited summary judgment on a minimum of 60 days notice. CertainTeed provided notice of its intent to request expedited summary judgment 63 days before the hearing. In contrast, Code of Civil Procedure section 437c, subdivision (a) mandates at least 75 days notice. The San Francisco Superior Court does not have authority to shorten the statutorily prescribed minimum notice period for summary judgment motions. (*Urshan, supra,* 120 Cal.App.4th at pp. 763–766; *McMahon v. Superior Court, supra,* 106 Cal.App.4th at pp. 114–118.)

Nor does the trial court have authority to alter the statutorily established standards for production of evidence on a motion for summary judgment. A motion for summary judgment must be supported by evidence, and it is the moving party who bears the initial burden of producing evidence. (Code Civ. Proc., § 437c, subds. (b)(1) & (p).) General Order No. 157 improperly shifts this burden of producing evidence to the nonmoving party by allowing a defendant to move for summary judgment upon an unsubstantiated attorney declaration that plaintiff has not identified evidence of asbestos exposure in his or her discovery responses, which then obligates plaintiff to present evidence establishing a triable issue of fact as to exposure. A defendant moving for summary judgment must present evidence, not simply argument. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at pp. 854–855.) A local court rule freeing a moving party of its initial burden of producing evidence that no triable issue of material fact exists, conflicts with Code of Civil Procedure section 437c and is invalid. (*Thatcher v. Lucky Stores, Inc., supra,* 79 Cal.App.4th at pp. 1084–1087; *Sierra Craft, Inc. v. Magnum Enterprises Inc., supra,* 64 Cal.App.4th at pp. 1254–1256.)

## III.

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court for proceedings consistent with the views expressed in this opinion. Appellants

shall recover their costs incurred on appeal upon timely application in the trial court. (Cal. Rules of Court, rule 27.)

Reardon, Acting P. J., and Rivera, J., concurred.

A petition for a rehearing was denied April 10, 2006, and respondent's petition for review by the Supreme Court was denied May 24, 2006, S142748. Chin, J., and Corrigan, J., did not participate therein.