Filed 2/22/16  Marriage of Berris CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of DENNIS and PANAGIOTA BERRIS. | |
| DENNIS BERRIS,<br><br>    Appellant,<br><br>v.<br><br>PANAGIOTA BERRIS,<br><br>    Respondent. | A144583<br><br>(Contra Costa County<br>Super. Ct. No. MSD13-01039) |

In an April 18, 2014 stipulated family law dissolution judgment, the court assigned appellant Dennis Berris responsibility for the IRS tax liabilities for tax years 2010 and 2011.  The IRS deducted the amounts owed for these tax years from respondent Panagiota Berris's 2013 tax refund.  Panagiota[1] filed a petition seeking reimbursement from Dennis.  Not surprisingly, the court granted the petition.  Dennis appeals.  We affirm.

## I.    BACKGROUND AND PROCEDURAL HISTORY

We are more than somewhat handicapped in our review by the very limited and inadequate record provided by Dennis.  The clerk's transcript contains the register of actions, Panagiota's request for order, a responsive declaration from Dennis (with

---

[1] We refer to each party by first name because of their shared surname.  No disrespect is intended.

1

attachments), a minute order, an order after hearing, and little more.  No transcript is provided of the January 23, 2015 hearing at which the contested order was issued.

The register of actions indicates that on April 17, 2014, the parties appeared before a family law judge, were sworn, and confirmed they had reached a settlement of all issues in their pending marital dissolution proceeding.  The court granted a dissolution judgment (Judgment), and a stipulation of the parties was attached to the Judgment and incorporated by reference.  The Judgment was filed the following day.  No copy of the Judgment or stipulation is included in the record.[2]

On September 10, 2014, Panagiota filed a request for order in which she averred that Dennis "was assigned and obligated to pay the IRS tax liabilities for 2010 and 2011 per the divorce order issued April 17, 2014."  She declared that Dennis had failed to pay those obligations and, as a result, the IRS deducted a total of $2,286.40 from her 2013 tax refund to satisfy those liabilities.  She sought reimbursement for this amount.  In opposition, Dennis submitted a declaration alleging that the disputed tax liabilities were "satisfied on April 15, 2014," and that there were no open tax liabilities for tax years 2010 and 2011 on the date of the Judgment.  He attached IRS account transcripts for the two tax years.[3]

A contested hearing was held on January 23, 2015.  The court struck Dennis's declaration as untimely, but allowed both parties to "orally address the court about the issues raised in [Panagiota's] request."  As noted *ante*, no transcript of this hearing has been provided.  The minute order from the hearing, and an order after hearing (Order)

[2] Panagiota attaches to her brief what appears to be a copy of two pages of a stipulation and order.  While she cites to it as a copy of the court's April 17, 2014 order, it bears no court filing stamp, no signatures, and is obviously incomplete.  While a party may attach as exhibits copies of materials *in the appellate record*, this document is not such a copy and we may not consider it.  (See Cal. Rules of Court, rule 8.204(d).)

[3] Although stricken by the trial court, the account transcripts appear to support Panagiota's position—confirming a "credit transferred in" on April 15, 2014 "from 1040 201312" of $259.38 for the 2010 tax year, and a "credit transferred in" from the same referenced form 1040 of $2,027.02 for tax year 2011.  The two amounts total the requested reimbursement of $2,286.40.  The court allowed oral presentation on the issues.

both state that "[Dennis] shall reimburse [Panagiota] in the amount of $2,286.40 for the 2010 and 2011 IRS obligation that [Dennis] was ordered to pay pursuant to the [Judgment]."

Dennis appeals the Order.

## II.    DISCUSSION

We reiterate settled rules of appellate review, often unfamiliar to pro se litigants. " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  The appellant has the burden of demonstrating error on the part of the trial court.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141; *People v. Giordano* (2007) 42 Cal.4th 644, 666 [" ' "error must be affirmatively shown" ' "].)  "[T]he party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)

Dennis is not exempt from the rules because he chose to represent himself on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)  "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

Dennis provides no copy of the Judgment and no transcript of the January 23, 2015 hearing.  The inadequate record of the January 23, 2015 hearing would alone be fatal to Dennis's claim.  "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error.  [Citation.]  Where the party fails to

3

furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him." (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.) We are required to presume that the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise. (*Huong Que, Inc. v Luu* (2007) 150 Cal.App.4th 400, 409.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Without an adequate record, Dennis cannot meet his burden of demonstrating error.

His position, in any event, would fail on the merits. The totality of his argument here is that the IRS considers the tax liabilities at issue to be joint and several and that Panagiota remained individually liable for the taxes regardless of the Judgment's terms. While undoubtedly true, it is irrelevant. The issue is not the obligation of either party, or both parties to the IRS, or whether the IRS could properly seize funds from Panagiota. The sole question before the court was whether Dennis had complied with his obligations under the Judgment. While no copy of that Judgment is before us, the relevant provision was cited by the court in its order. Dennis does not deny that the Judgment required him to reimburse Panagiota for the tax obligations, and does not deny that he failed to do so. Moreover, Dennis in his opening brief acknowledges that the court ordered him "to reimburse [Panagiota] pursuant to the Judgment of Dissolution." It appears the court did nothing more than enforce the terms of the Judgment. Dennis fails to explain how this was error.

### III.   DISPOSITION

The Order is affirmed. Costs on appeal are awarded to Panagiota.

4

_____

BRUINIERS, J.

WE CONCUR:

_____

SIMONS, Acting P. J.

_____

NEEDHAM, J.

5