Filed 7/17/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ZEV WEINSTEIN,<br><br>  Plaintiff,<br><br>  v.<br><br>ISAAC BLUMBERG et al.,<br><br>  Defendants and<br>  Respondents;<br><br>RESCH POLSTER & BERGER<br>LLP,<br><br>  Real Party in Interest<br>  and Appellant. | B282267<br>(Los Angeles County<br>Super. Ct. No. SC126011) |

APPEAL from an order of the Superior Court of Los Angeles County, Nancy L. Newman, Judge. Reversed.

Resch Polster & Berger, Michael C. Baum, Andrew V. Jablon, and Stacey N. Knox for Real Party in Interest and Appellant.

Wolf Group L.A., Ellen K. Wolf, and Scott R. Antoine for Defendants and Respondents.

_____

Resch Polster & Berger (RPB) appeals from an order granting discovery sanctions after a motion to compel further responses to a deposition notice.  Counsel for Isaac Blumberg, Eytan Ribner, and Blumberg Ribner, Inc. (collectively BRI) served a notice of motion and motion to compel within a statutory deadline, but did not serve any of the required supporting papers upon which the motion was based until 15 court days before the hearing.  RPB contends the motion was untimely and that the sanctions order should therefore be reversed.  We agree.

## BACKGROUND

Zev Weinstein (through his counsel, RPB) filed suit against BRI on June 20, 2016.  On June 27, BRI noticed Weinstein's deposition and propounded 212 requests for production of documents to be produced at the deposition.  BRI deposed Weinstein on July 28 and 29, 2016.

Following the deposition, BRI and Weinstein met and conferred regarding Weinstein's deposition responses and responses to BRI's document requests.  As part of their meet and confer process, the parties agreed that BRI's deadline to file any motion to compel regarding Weinstein's deposition would be December 6, 2016.

BRI filed its notice of motion and motion to compel and an accompanying declaration regarding the parties' meet and confer process on December 6, 2016.  In the motion, BRI included the following language:  "This motion is based upon this notice of motion and motion, the attached declaration of Evan W. Granowitz regarding meeting and conferring with Plaintiff's counsel regarding this motion, as well as the memorandum of points and authorities, separate statement, request for judicial

notice, declaration(s) and other documents and evidence in support of the motion that will be filed and served as provided in section 1005(b) of the Code of Civil Procedure, all of the pleadings and records on file with the court, such documentary evidence that may be submitted before or at the hearing on this matter, and the argument of counsel at the hearing on this matter." The motion also sought sanctions against Weinstein and his counsel.

On January 19, 2017, Weinstein substituted new counsel for RPB, who had represented him at his deposition and in the subsequent meet and confer process. BRI filed its memorandum of points and authorities, exhibits, separate statement, declaration, and request for judicial notice in support of its motion to compel on January 25, 2017. BRI personally served the documents on Weinstein's new counsel on January 25, 2017, and on RPB on January 26, 2017—15 court days before the February 17, 2017 hearing.

RPB opposed BRI's motion in part on the ground that it was untimely because the required papers supporting the notice of motion and motion to compel were not filed and served within the 60 day deadline for the motion to compel and in part because BRI had not served RPB with the papers 16 court days before the noticed hearing. The opposition also addressed the substance of BRI's motion. On February 17, 2017, the trial court heard argument on the timing questions, and later issued an order finding that the motion to compel "was 'made' within 60 days after the parties deemed the deposition complete" and leaving open the question of whether RPB was prejudiced by BRI's service of the supporting papers 15 court days before the hearing instead of 16.

The trial court continued the hearing on the substantive issues in the motion to compel to March 24, 2017. After the second hearing, the trial court issued an order sanctioning RPB $7,200 based on the motion to compel. RPB timely appealed.

## DISCUSSION

RPB contends that the motion to compel was untimely because the papers supporting the motion were not filed and served until well after the 60-day deadline to file the motion to compel. Because the motion was untimely, RPB argues, the trial court lacked jurisdiction to award sanctions based on that motion. RPB also contends that it was denied due process by BRI's failure to serve the supporting documents until 15 court days before the noticed hearing, in violation of Code of Civil Procedure section 1005, subdivision (b).[1]

BRI counters that its motion to compel was timely served because the Code of Civil Procedure requires only that a notice of motion and motion be served within the 60-day deadline, not supporting papers. BRI argues that there are independent grounds upon which the trial court *could* have sanctioned RPB, so even if the motion was untimely, the sanction award should be affirmed. BRI also contends that its service of the supporting documents one court day after section 1005's required 16-days' notice was not prejudicial.

This case presents questions of statutory interpretation, which we review de novo. (*Unzipped Apparel, LLC v. Bader* (2007) 156 Cal.App.4th 123, 129 (*Bader*).)

_____

[1] Statutory references are to the Code of Civil Procedure unless otherwise specified.

4

BRI's motion to compel says that it is "made pursuant to Code of Civil Procedure sections 2025.010, et seq., 2025.480, 2025.450, 2023.040, 2025.290 and the court's inherent authority." Section 2025.480, subdivision (b) provides that any motion to compel further production regarding a deposition notice or subpoena "shall be made no later than 60 days after the completion of the record of the deposition . . . ." A motion is "made," according to section 1005.5, "upon the due service and filing of the notice of motion . . . ." BRI contends, therefore, that it "made" its motion to compel when it served the notice of motion on December 6, 2016.

Citing section 1010, RPB argues that more was required. Section 1010 states: "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice." Because the papers upon which BRI's motion to compel was based were not served until January 26, 2017, RPB contends, the motion was not "made" within 60 days after completion of the record of Weinstein's deposition.

BRI argues that RPB's construction of section 1010 "conflicts with the clear language of" section 1005, subdivision (b). That section provides that "[u]nless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing."

We disagree with BRI; we see no conflict between sections 1005 and 1010 in the context of section 2025.480, subdivision (b).

5

Section 2025.480's requirement that a motion to compel "shall be made no later than 60 days after the completion of the record of the deposition" is section 1005's "otherwise . . . specifically provided by law," and neither statute excuses compliance with section 1010.  BRI's service of a notice of motion and motion inherently acknowledges the interplay between the two statutes; no notice of motion and motion would have otherwise been necessary until 16 days before the February 17, 2017 hearing. Neither does the plain language of section 1010 allow for BRI's interpretation that a notice of motion and motion alluding to other papers but not attaching them somehow satisfies section 1005.5.  (See *Alvak Enterprises v. Phillips* (1959) 167 Cal.App.2d 69, 74; see also *Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 142.)

The 60-day deadline was mandatory.  (*Bader*, *supra*, 156 Cal.App.4th at p. 136.)  Serving a notice of motion and motion to compel on December 6, 2016 without the supporting papers identified therein rendered the motion untimely.

BRI would have us overlook the untimely service because, it explains, there are other statutes under which the trial court could have granted sanctions.  "The issue here is not a court *order compelling further responses or document production*," BRI argues.  "The issue here is the court's authority to sanction [RPB] for its conduct."

We acknowledge and agree with BRI's basic premise (outside of any context) that a trial court has the power to sanction discovery abuses independent of a motion to compel. But BRI's motion was *not* independent of a motion to compel. The statute BRI cites in its brief as authority for this proposition—section 2023.030—was *not* cited in its notice of

6

motion and motion, and there were *no* papers accompanying that notice of motion and motion that invoked section 2023.030.

Moreover, BRI did not comply with the statutes it *did* cite. Section 2023.040 requires that the "notice of motion shall be supported by a memorandum of points and authorities, *and accompanied by a declaration setting forth facts supporting the amount of any monetary sanction sought*." (Italics added.) BRI ultimately requested $40,000 in sanctions for its motion to compel, yet its notice of motion and the declaration accompanying that notice of motion states *no* amount, and states *no* facts supporting *any* amount of monetary sanction, but rather merely details the meet and confer process.

This is no small point. BRI requested $40,000 in sanctions and did not alert RPB to that amount until 15 court days before the sanctions hearing. By the time BRI served the papers supporting its motion to compel, RPB was no longer Weinstein's attorney. That the trial court ultimately reduced sanctions to $7,200 is of no consequence. RPB received no notice of its exposure until it could take no mitigating action or even substantively oppose BRI's motion.

We need not determine whether BRI's actions were prejudicial based on service 15 court days (instead of 16 court days) before the initial hearing on the motion to compel.[2] Substantial and obvious prejudice arose in the 51 days between the time the papers *should* have been served and when they were *actually* served. BRI and Weinstein's new counsel continued to

---

[2] The trial court *did* find prejudice on this ground. "Considering the extensiveness of the motion before the court," the trial court explained, "the court is inclined to find some prejudice based on this procedural defect."

7

meet and confer and to deal with the substance of BRI's contentions.  RPB was without continued access to the process and to any means of either developing the record between Weinstein and BRI, if Weinstein's arguments were meritorious, or mitigating any damage RPB and/or Weinstein may have caused, if BRI's arguments were meritorious.  And RPB was left with 15 court days to respond to a voluminous motion to which it otherwise would have had *51 more days* to respond under the circumstances.  If prejudice is required on this question, it is present here.[3]

Finally, BRI contends that by arguing the motion to compel on the merits, RPB waived (or forfeited) the argument that the motion to compel was untimely.  "The critical point for preservation of claims on appeal is that the asserted error must have been brought to the attention of the trial court." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)  RPB *repeatedly* brought the asserted error to the trial court's attention.  "A party's participation in a hearing after the party's objection to the hearing as unauthorized does not constitute waiver by acquiescence." (*Id.* at p. 650.)  RPB never acquiesced to the trial court's error.

---

[3] Prejudice is not required; discovery deadlines are mandatory and we have treated them as jurisdictional (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410), even though a trial court may grant relief from deadlines to file motions to compel.  Where a party does not obtain trial court relief from the statutory deadline, "failure to move for further answers within the statutory time forecloses further relief . . . ." (*O'Brien v. Superior Court* (1965) 233 Cal.App.2d 388, 391.)

8

Because we will reverse the trial court's order based on the motion's untimeliness, we need not and do not reach the remaining constitutional due process question RPB presents.

**DISPOSITION**

The trial court's order is reversed.  On remand, the trial court is directed to deny BRI's motion to compel in its entirety. RPB is entitled to costs on appeal.

CERTIFIED FOR PUBLICATION.


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

9