Filed 11/9/23  City of Benicia v. Diavitas CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| CITY OF BENICIA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON DIAVITAS,<br><br>        Defendant and Appellant. | A165678<br><br><br>(Solano County Super. Ct. No. FCS056113) |

### MEMORANDUM OPINION[1]

In this action to abate a public nuisance, Jason Diavitas appeals from a judgment enjoining his restaurant's unpermitted encroachment on a public sidewalk and assessing related fines, penalties, and interest.  Diavitas has failed to demonstrate any error in the court's grant of summary judgment for plaintiffs, so we affirm.

### BACKGROUND

The City of Benicia, joined by the State of California, filed this action against Diavitas to prohibit him from maintaining an unpermitted barrier enclosing a stretch of public sidewalk he

---

[1] We resolve this appeal by a memorandum opinion pursuant to Standard 8.1 of the California Standards of Judicial Administration, and the First Appellate District Local Rules, rule 19.

1

used as an outside dining area for his restaurant. The city alleged that, although Diavitas had a permit to place tables and chairs on the sidewalk during business hours, he erected a permanent perimeter barrier, trellis, and lighting structure around the area without obtaining the encroachment permit and agreement required by the Benicia Municipal Code and a city council resolution. The city's legal action followed extensive unsuccessful efforts to bring Diavitas into code compliance and culminated with its successful summary judgment motion.

## DISCUSSION

Diavitas contends the court erred in granting summary judgment for the following reasons: (1) he had a motion to compel discovery outstanding when the court ruled; (2) the city's notices of violation, administrative citations, and associated fines were invalid; (3) it had tacitly approved his project; (4) it gave him inadequate time to abate the encroachment; (5) his project encroached only two inches into the public right of way, which he had resolved by cutting into a planter box forming part of the enclosure; (6) his use of a private building's common area for additional restaurant seating did not involve city property; and (7) the city's permit process was confusing and arbitrary.

Diavitas asserts the citations and fines assessed against him for violating Benicia's municipal code are invalid because they were issued before a December 2020 deadline for obtaining an encroachment permit without paying an associated fee. His failure to follow the city's process for appealing administrative citations bars him from raising this claim here. (See *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 327.)

Otherwise absent from Diavitas's briefs is any pertinent legal argument supporting his contentions. A judgment or order is presumed correct, and it is the appellant's burden to present reasoned legal argument supporting reversal. (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 599

2

(*Okorie*), disapproved on another point in *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1012, fn. 2; *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649-650.) Accordingly, the court of appeal will not consider bare allegations of error unaccompanied by cogent argument supported by appropriate citations to pertinent authority and the record.  (Cal. Rules of Court, rules 8.204(a)(1)(B), (C); *Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1190-1191; *Elsheref v. Applied Materials, Inc.* (2014) 223 Cal.App.4th 451, 461; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119-1120.)  " 'Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] waived.' " (*Okorie, supra,* at p. 600.)

That is the case here.  Diavitas's briefs lack even minimally adequate legal argument.  He has therefore forfeited his appellate contentions and failed to meet his burden of establishing error.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

BURNS, J.

WE CONCUR:

SIMONS, ACTING P.J.
CHOU, J.

*City of Benicia v. Diavitas* (A165678)

3