[L. A. No. 25501. In Bank. Oct. 9, 1959.]

TWIN LOCK, INCORPORATED (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ALBERT AGRON et al., Real Parties in Interest.

W. Claude Fields, Jr., Gibson, Dunn & Crutcher, Frederic H. Sturdy and John L. Endicott for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Respondent.

Maxwell E. Greenberg, Norbert A. Schlei, O'Melveny & Myers and Philip F. Westbrook, Jr., for Real Parties in Interest.

GIBSON, C. J.—Twin Lock, Incorporated, seeks a writ of prohibition to prevent the imposition of sanctions against it by respondent court because certain officers and directors of the corporation who are residents of the state of New York failed to appear in response to a notice for the taking of their depositions pursuant to provisions of the Code of Civil Pro-

cedure enacted in 1957 with respect to discovery. (Stats. 1957, ch. 1904, § 3; Code Civ. Proc., § 2016 et seq.)

The action commenced by Twin Lock in Los Angeles County charged defendants Agron, Frank, and Clifford, real parties in interest herein, with violation of a contract. Defendants filed an answer and a cross-complaint and subsequently gave notice that they would take the depositions of the officers and directors in Los Angeles at certain specified times. The notice was apparently based upon subdivision (a) (1) of section 2019 of the Code of Civil Procedure which, as it then read, provided that a party desiring to take the deposition of any person upon oral examination should give notice in writing to every other party to the action, stating the time and place for the taking, and that in the case of depositions of a party to any civil action or of a person for whose immediate benefit the action is prosecuted or defended, or of any one who at the time of the taking of the deposition is an officer, director, or managing agent of any such party, the service of a subpena upon any such deponent is not required if proper notice of the taking is given.[1]

The court denied a motion by Twin Lock to vacate the notice for the taking of depositions and ordered that they be taken in Los Angeles within a limited time on days to be agreed upon by counsel. Twin Lock then made a motion to change the place of taking the depositions to the city of New York on the ground that the order requiring the witnesses to appear in Los Angeles for that purpose was contrary to law

[1]Section 2019, subdivision (a)(1), as enacted in 1957, provided in part: ''A party desiring to take the deposition of any person upon oral examination shall give notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known. . . . Such notice must be at least 10 days, adding also one day for every 100 miles of the distance of the place of examination from the residence of the person to whom the notice is given, except that on motion of any party upon whom the notice is served, the court may for cause shown enlarge or shorten the time. Service of such notice or motion may be made upon any party or his attorney in the manner provided in Chapter 5, Title 14, Part 2 (commencing at section 1010), of this code, and in the case of depositions of a party to the record of any civil action or proceeding or of a person for whose immediate benefit said action or proceeding is prosecuted or defended, or of any one who at the time of taking the deposition is an officer, director, or managing agent of any such party or person, the service of a subpena upon any such deponent is not required if proper notice of the taking of such deposition is given to the attorney of such party or person.''

and in excess of the jurisdiction of the court.[2] This motion was denied.

In the meantime defendants made a motion asking the court to impose sanctions against Twin Lock under subdivision (d) of section 2034 of the Code of Civil Procedure, which provides that if a party or an officer, director, or managing agent of such party, wilfully fails to appear before the officer who is to take the deposition, after being served with a proper notice, the court on motion and notice may strike out all or part of any pleading of that party, or dismiss the action or proceeding, or enter a judgment by default against that party. The court continued defendants' motion in order to allow Twin Lock an opportunity to produce the witnesses in Los Angeles, thus indicating that sanctions would be imposed if the witnesses did not appear.

■ Prohibition is available if the imposition of sanctions by respondent court under the circumstances involved here would constitute an excess of the power of the court as defined by statute. (*City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 429 [333 P.2d 745] ; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 et seq. [109 P.2d 942, 132 A.L.R. 715].)

The disposition of this proceeding depends upon the applicability of section 1989 of the Code of Civil Procedure, which provides : "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than one hundred fifty miles from his place of residence to the place of trial." Except for several changes in the prescribed distance, which was originally 30 miles, the statute remains as it was enacted in 1872. Twin Lock asserts that under the plain meaning of section 1989 no form of compulsion, including the use of sanctions against a party, may be used by the court to compel the New York residents to come to California and that the discovery provisions adopted in 1957 were not intended to limit the operation of the statute. Defendants contend that section 1989 applies only to witnesses whose attendance may be compelled by subpena and whose refusal to respond may be punished as contempt. They also assert

[2]Subdivision (b) of section 2019 of the Code of Civil Procedure as it then read provided, in part, that upon motion seasonably made by any party the court for good cause shown could make an order that the deposition be taken at some designated place other than stated in the notice.

that subdivision (a) of section 2019 and subdivision (d) of section 2034, rather than section 1989, govern where, as here, the attendance of a witness is sought to be compelled by the imposition of sanctions upon a party instead of by proceedings against the witness, and that the imposition of such sanctions is authorized by these subdivisions.

The word "witness" in section 1989 includes a prospective witness who is a party or who is a director, officer, or managing agent of a party. The statute contains no language limiting its application to cases involving a subpena or contempt proceedings, and the word "obliged" as used in the section is sufficiently broad to preclude use of indirect as well as direct methods of compelling a witness to attend. There can be no doubt that a witness, such as each of the persons whose depositions are sought here, who is a director, officer, or managing agent of a party to an action will be under considerable coercion to attend whenever his corporate employer is placed under the severe sanctions authorized by section 2034. For example, a witness who refused to obey a reasonable request or command of his employer to attend the taking of a deposition would risk loss of his position or other disciplinary action. The imposition of sanctions on the party would thus cause the witness to be "obliged" to attend, within the meaning of the section. While it is true, as pointed out by defendants, that the other sections of the chapter in which section 1989 is located relate specifically to subpenas or their enforcement, the chapter is entitled "Means of Production" of evidence and properly contains a limitation upon the distance which a court may directly or indirectly compel a witness to travel. (Code Civ. Proc., part IV, tit. III, ch. II.)

Since section 1989 is by its terms applicable to the New York residents involved here, defendants' position may be sustained only upon the theory that the enactment in 1957 of sections 2019 and 2034 amounted to a partial implied repeal of section 1989, which, as we have seen, has been a part of our statutes since 1872. We find nothing in the discovery and deposition provisions adopted in 1957 which discloses that the Legislature intended such a substantial departure from the long-established practice of limiting the territorial scope of the powers of a court to compel the attendance of witnesses. It should be noted in this connection that, while section 1989 was amended in 1957 during the same session of the Legislature at

which the discovery provisions were enacted, no change was made in the language pertinent here. The fact that subdivision (a)(1) of section 2019 provided that the notice for the taking of depositions "must be at least 10 days adding also one day for every 100 miles of the distance of the place of examination from the residence of the person to whom the notice is given," is not sufficient, in our opinion, to justify a conclusion that the Legislature thereby contemplated that witnesses could be compelled to attend the taking of depositions at distances greater than the maximum set forth by section 1989.

A very persuasive factor with respect to the intention of the Legislature is found in an amendment to section 2019, effective September 18, 1959, which was approved by the Governor on July 6 after the orders involved here were made. (Stat. 1959, ch. 1590.) Subdivision (a)(4) of the amended section provides that a notice to take the deposition of a person who is a party or who at the time of the taking is an officer, director, or managing agent of a party, cannot require the attendance of such person at a place more than 150 miles from his residence unless the party desiring to take the deposition first obtains an order from the court pursuant to subdivision (b)(2) of the section.[3] The first sentence of subdivision (b)(2) of the amended section provides: *"Notwithstanding section 1989*, the court may, upon motion on 10 days' written notice and for good cause shown, make an order requiring a deponent who is a party to the record of any civil action . . . or is at the time of the taking of the deposition an officer, director or managing agent of any such party to attend a deposition more than 150 miles from the residence of such deponent." (Italics added.) This sentence is followed by a list of factors which the court is directed to consider in determining whether the order should be granted, and it is further provided that the court may require the party desiring

[3] Subdivision (a)(4) of section 2019, as added in 1959, provides: "In the case of depositions of a party to the record of any civil action or proceeding or of any one who at the time of taking the deposition is an officer, director or managing agent of any such party, the service of a subpoena upon any such deponent is not required if proper notice of the taking of such deposition is given to the attorney for such party or to the party, if he has no attorney. . . . A notice to take the deposition of a person described in this subdivision (4) cannot require the attendance of such person at a place more than 150 miles from the residence of such person, unless the party desiring to take such deposition first obtains an order pursuant to the provisions of section 2019(b)(2) of this code."

the deposition to pay expenses incurred by the deponent and to furnish an undertaking to secure such payment.[4]

■ This amendment, which specifically declares that witnesses like those involved here may be compelled to attend the taking of depositions more than 150 miles from their residences, falls within the settled rule that an amendment making a material change in the phraseology of a statute is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the provision rather than interpret it. (*American Automobile Ins. Co.* v. *Republic Indemnity Co., ante,* pp. 507, 511 [341 P.2d 675].) ■ The 1959 statute not only changed the language of section 2019 but also made specific changes in the law, including the addition of a provision that the party seeking to take a deposition under such circumstances must obtain a court order requiring the witness to attend and a further provision authorizing the court to direct payment of the deponent's expenses. Of particular significance are the introductory words of subdivision (b)(2), "Notwithstanding section 1989 . . ." This language clearly indicates the belief of the Legislature that, without benefit of the new provisions, section 1989 was controlling and precluded a court from imposing sanctions in a situation like the one presented here.

■ The trial court is without power to impose sanctions

---

[4]Subdivision (b)(2) of section 2019, as the section was amended in 1959, provides: "Notwithstanding section 1989, the court may, upon motion on 10 days' written notice and for good cause shown, make an order requiring a deponent who is a party to the record of any civil action or proceeding or is a person for whose immediate benefit said action is prosecuted or defended or is at the time of the taking of the deposition an officer, director or managing agent of any such party or person to attend a deposition at a place more than 150 miles from the residence of such deponent. In granting or refusing such order, the court shall consider whether the moving party selected the forum, whether the deponent will be present at the trial, the convenience of the deponent, the suitability of discovery through a deposition by written interrogatories or other discovery methods, the number of depositions sought under this section, the expense to the parties of requiring the deposition to be taken within 150 miles of the residence of the deponent, the whereabouts of the deponent at the time the deposition is scheduled to be taken, and all other factors tending to show whether or not the interests of justice and the convenience of the parties and witnesses will be served by requiring the deponent to appear for his deposition at a place more than 150 miles from his residence. Such order may provide that the party desiring to take such deposition shall pay the reasonable expenses incurred by the deponent in attending such deposition and that he furnish an undertaking approved by the court to secure such payment and may contain such other terms and conditions as are equitable and just."

upon Twin Lock based upon the notice which defendants gave for the taking of the depositions in Los Angeles of the New York residents. Defendants are not precluded from seeking an order, if they so desire, for the taking of the depositions of these witnesses pursuant to subdivision (b)(2) of section 2019 as amended in 1959. (*Cf. Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.,* 29 Cal.2d 228, 232-233 [174 P.2d 441]; *Sour* v. *Superior Court,* 1 Cal.2d 542, 544-545 [36 P.2d 373].)

Let a peremptory writ of prohibition issue restraining respondent court from any further proceedings based upon defendants' notice of taking depositions dated January 6, 1959, as amended.

Traynor, J., Schauer, J., Spence, J., McComb, J., Peters, J., and Peek, J. pro tem.,* concurred.

White, J., did not participate herein.

*Assigned by Chairman of Judicial Council.