890

[S. F. No. 20164. In Bank. Oct. 9, 1959.]

KAISER HAWAIIAN VILLAGE RADIO, INC. (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; EDWARD J. HOGAN, Real Party in Interest.

Thelen, Marrin, Johnson & Bridges and Max Thelen, Jr., for Petitioners.

No appearance for Respondent.

William D. Corbett, Stark & Champlin and Stanley E. Sparrowe for Real Party in Interest.

THE COURT.—Edward J. Hogan, the real party in interest herein, commenced an action against defendant Kaiser Hawaiian Village Radio, Inc., in Alameda County for breach of contract. After defendant filed its answer notice was given pursuant to section 2019 of the Code of Civil Procedure as it read when enacted in 1957 that plaintiff would take the deposition of Hal Lewis in Oakland, California. Lewis is an officer of defendant corporation, he is a resident of Honolulu, Hawaii, and he is not a party to the action. Defendant thereafter moved for an order changing the place for taking the deposition to Honolulu, and the court, in March 1959, denied the motion. It is alleged in the petition, without denial by respondent, that the court will, unless prevented, impose sanctions if the witness does not appear in Oakland for the taking of the deposition. (See Code Civ. Proc., § 2034.) We held in *Twin Lock, Incorporated,* v. *Superior Court, ante,* p. 754 [344 P.2d 788], that the court is without power to impose sanctions for such a reason under the statutes which were in effect prior to the 1959 amendment to section 2019 of the Code of Civil Procedure.

Let a peremptory writ of prohibition issue restraining respondent court from any further proceedings based upon plaintiff's notice of taking deposition dated February 9, 1959.

White, J., did not participate herein.