[No. G006903. Fourth Dist., Div. Three. Sept. 28, 1988.]

DOYLE GLASS et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
INDIANA WESTERN MORTGAGE CORPORATION et al., Real
Parties in Interest.

**COUNSEL**

Lanak & Hanna and Charles B. Crowder for Petitioners.

No appearance for Respondent.

Frandzel & Share and Michael R. Pfeifer for Real Parties in Interest.

## Opinion

**SONENSHINE, J.—** May a foreign corporation sue in this state and then insist members of its management may not be required to attend depositions in California? No.

### I

Petitioner Doyle Glass is the former president and chief executive officer of real party in interest, Indiana Western, a mortgage banking company headquartered in Orange County, California. Indiana Western and its parent corporations (real parties Ameriana Savings Bank and HCSS, both Indiana corporations), sued Glass and his wife (petitioner Beverly Glass) for damages, alleging petitioners tortiously diverted real parties' business to their own competing company, Mortgage Corporation of the West. Petitioners have cross-complained for defamation, breach of contract, bad faith and other damages.

Petitioners desired to depose three senior members of Ameriana's management team in California pursuant to Code of Civil Procedure section 2025, subdivision (e)(3).[1] They moved for an order but real parties opposed the motion on the ground the deponents were Indiana residents and principals of Indiana corporations and could only be deposed within 75 miles of their residences. Relying on section 2026, the trial court denied the motion and awarded $625 in sanctions against the individual petitioners and their counsel, Lanak & Hanna. Petitioners claim section 2025, subdivision (e)(3) is the controlling statute and the sanctions award is unjust.

### II

Section 1989 provides "A witness . . . is not obliged to attend [a deposition in California] unless the witness is a [California] resident . . . at the time of service [of the deposition notice]." Real parties maintain this statute controls over the general discovery statutes (§ 2016 et seq.) because the latter enactments have made no specific provisions to the contrary. (See *Twin Lock, Inc.* v. *Superior Court* (1959) 52 Cal.2d 754, 759 [344 P.2d 788].) They suggest the deposition of an out-of-state resident may be taken in California only pursuant to stipulation. Otherwise, pursuant to section 2026, it must be taken within 75 miles of the deponent's out-of-state residence or business address.[2]

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

[2] Section 2026 provides as follows: "(a) Any party may obtain discovery by taking an oral deposition, as described in subdivision (a) of Section 2025, in another state of the United States, or in a territory or an insular possession subject to its jurisdiction. Except as modified

But real parties overlook section 2025 which is controlling and acts as an implied partial repeal of section 1989: A witness to be deposed in California need not be a California resident. Subdivision (e)(1) of section 2025 states: "The deposition of a natural person, whether or not a party to the action, shall be taken at a place that is . . . either within 75 miles of the deponent's residence, or within the county where the action is pending and within 150 miles of the deponent's residence, unless the court orders otherwise under paragraph (3)." Subdivision (e)(3) provides: "A party desiring to take the deposition of a natural person who is a party to the action or an officer, director, managing agent, or employee of a party may make a motion for an order that the deponent attend for deposition at a place that is more distant than that permitted under paragraph (1). . . . [¶] In exercising its discretion to grant or deny this motion, the court shall take into consideration any factor tending to show whether the interests of justice will be served by requiring the deponent's attendance at that more distant place, including, but not limited to, the following: [¶] (A) Whether the moving party selected the forum. [¶] (B) Whether the deponent will be present to testify at the trial of the action. [¶] (C) The convenience of the deponent. [¶] (D) The feasibility of conducting the deposition by written questions under section 2028, or of using a discovery method other than a deposition. [¶] (E) The number of depositions sought to be taken at a place more distant than that permitted under paragraph (1). [¶] (F) The expense to the parties of requiring the deposition to be taken within the distance permitted under paragraph (1). [¶] (G) The whereabouts of the deponent at the time for which the deposition is scheduled. [¶] The order may be conditional on the advancement by the moving party of the reasonable expenses and costs to the deponent for travel to the place of deposition."

---

in this section, the procedures for taking oral depositions in California set forth in Section 2025 apply to an oral deposition taken in another state of the United States, or in a territory or an insular possession subject to its jurisdiction. [¶] (b)(1) If a deponent is a party to the action or an officer, director, managing agent, or employee of a party, the service of the deposition notice is effective to compel that deponent to attend and to testify, as well as to produce any document or tangible thing for inspection and copying. The deposition notice shall specify a place in the state, territory, or insular possession of the United States that is within 75 miles of the residence or a business office of a deponent. [¶] (2) If the deponent is not a party to the action or an officer, director, managing agent, or employee of a party, a party serving a deposition notice under this section shall use any process and procedures required and available under the laws of the state, territory, or insular possession where the deposition is to be taken to compel the deponent to attend and to testify, as well as to produce any document or tangible thing for inspection, copying, and any related activity. [¶] (c) A deposition taken under this section shall be conducted (1) under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under subdivision (k) of Section 2025, or (2) before a person appointed by the court. This appointment is effective to authorize that person to administer oaths and to take testimony. When necessary or convenient, the court shall issue a commission on such terms and with such directions as are just and appropriate."

Real parties claim section 2025 does not specifically contemplate depositions of nonresidents in California. The California Supreme Court rejected a similar argument nearly 30 years ago in *Twin Lock, Inc.* v. *Superior Court, supra,* 52 Cal.2d 754. There, the trial court had threatened to impose sanctions against plaintiff Twin Lock, Inc., because it had resisted defense efforts and the court's own order to make certain of its officers and directors, residents of the State of New York, available for depositions in California. The court concluded the 1957 enactment of section 2019 (pursuant to which defendants had given notice of the depositions) had not enlarged the judiciary's section 1989 powers. (*Id.,* at pp. 759-760.) But it also observed a 1959 amendment to section 2019 (adding the forerunner of what is now subdivision (e)(3) of section 2025) accomplished just that result: "This amendment, which specifically declares that witnesses like those involved here may be compelled to attend the taking of depositions more than 150 miles from their residences, falls within the settled rule that an amendment making a material change in the phraseology of a statute is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the provision rather than interpret it. . . . The 1959 statute not only changed the language of section 2019 but also made specific changes in the law, including the addition of a provision that the party seeking to take a deposition under such circumstances must obtain a court order requiring the witness to attend and a further provision authorizing the court to direct payment of the deponent's expenses. . . . [¶] The trial court is without power to impose sanctions upon Twin Lock based upon the notice which defendants gave for the taking of the depositions in Los Angeles of the New York residents. Defendants are not precluded from seeking an order, if they so desire, for the taking of the depositions of these witnesses pursuant to subdivision (b)(2) of section 2019 as amended in 1959." (*Id.,* at pp. 761-762.)

Because section 2025, subdivision (e)(3) is virtually identical to the 1959 version of section 2019, subdivision (b)(2), we adopt the Supreme Court's dicta in *Twin Lock* as our holding. (See *San Joaquin etc. Irr. Co.* v. *Stanislaus* (1908) 155 Cal. 21, 28 [99 P. 365]; *Granger* v. *Sherriff* (1901) 133 Cal. 416, 417 [65 P. 873]; *Jaramillo* v. *State of California* (1978) 81 Cal.App.3d 968, 971 [146 Cal.Rptr. 823].) ■ Consequently, counsel may follow the procedures prescribed by section 2025 and obtain an order to depose an out-of-state resident in California. (See also Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) p. 299; Preparing Now For Discovery Under The New Act (Cont.Ed.Bar 1988) p. 17.) Alternatively, counsel may travel to the witness's home state or territory and depose the witness within 75 miles of his or her residence pursuant to section 2026. (Civil Discovery Practice in

Cal., *op. cit. supra,* p. 292.) In short, section 2026 is merely permissive; it does not require nonresidents be deposed outside California.[3]

 Were we to remand the matter for a hearing on the merits of petitioners' motion, the trial court would have no discretion but to grant it in light of the factors set forth in subdivision (e)(3) of section 2025. Real parties chose the Orange County forum, and petitioners offered to schedule the depositions, if possible, at times convenient to all concerned (e.g., when the deponents are in California on Ameriana business). Petitioners also indicated these might be the only depositions they would take at a distant place. Depositions are also a preferred method of discovery in this case in light of the complex nature of the lawsuit and the likelihood witness credibility will play a significant role in the litigation. Finally, it will be less expensive to conduct these depositions in California while the deponents are here on business than to require those concerned to travel to Indiana for that purpose. Although real parties claim California depositions would be "burdensome, inconvenient and unreasonable," petitioners' ameliorating offers more than offset that concern and the balance of the subdivision (e)(3) factors weigh conclusively in their favor. Because the trial court could exercise its discretion in only one way, a writ of mandate is appropriate to compel it to grant petitioners' motion. (See *Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695]; *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 924 [89 Cal.Rptr. 390]; *Phillips Aviation Co.* v. *Superior Court* (1966) 246 Cal.App.2d 46, 55 [54 Cal.Rptr. 415].)

Finally, we annul the award of monetary sanctions because, as the discussion above demonstrates, petitioners brought their motion with more than substantial justification. (See § 2025, subd. (e)(3); *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113 [196 Cal.Rptr. 454].)

The alternative writ is discharged. Let a peremptory writ of mandate issue ordering respondent to set aside and vacate its orders denying the motion to compel California depositions and assessing monetary sanctions against petitioners and their attorneys and to enter new and different orders

---

[3] Real parties' remaining substantive argument is that the Legislature's 1986 deletion of "Notwithstanding Section 1989" from subdivision (b)(2) of section 2019 evidences an intent on its part to restore the limitations of section 1989 as they existed before the *Twin Lock* decision. However, real parties offer no legislative history or other compelling support for their argument. Furthermore, it is more reasonable to assume the Legislature determined the phrase was superfluous in light of the 30-year-old *Twin Lock* decision, its revised discovery scheme and its stated goal of eliminating unnecessary cross-references to other discovery statutes.

granting the motion and denying the request for sanctions. Petitioners shall recover their costs.

Scoville, P. J., and Crosby, J., concurred.