Filed 3/17/16  Swisstex Direct v. Yarns America CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SWISSTEX DIRECT, LLC, | B259683 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC471188) |
| v. | |
| YARNS AMERICA, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Affirmed.

The Resch Polster & Berger, Michael C. Baum and Sandra Khalili, for Plaintiff and Respondent.

Law Offices of Charles O. Agege and Charles O. Agege, for Defendants and Appellants.

_____

Defendants and cross-complainants Yarns America, Inc. and Yarns U.S.A., Inc. (collectively "Yarns") appeal from the default judgment entered in favor of plaintiff and cross-defendant Swisstex Direct, LLC, after the trial court granted Swisstex's motion for terminating sanctions.  Yarns argue the trial court abused its discretion by compelling the deposition of Yarns' person most knowledgeable (PMK) and requiring the PMK to appear in California.  Yarns further argue the trial court erred in authorizing Swisstex to seek terminating sanctions through an ex parte application, and abused its discretion by granting terminating sanctions for failure to comply with a discovery order.  We affirm.

## PROCEDURAL HISTORY

The operative pleadings in this case are Swisstex's first amended complaint filed on February 26, 2013,[1] and the first amended cross-complaint filed on April 15, 2013, by Yarns and Yarns' owner, Elliot Rindenow.[2]  The litigation involved a business dispute regarding yarn purchased by Swisstex from Yarns.

The litigation was plagued by ongoing discovery issues, including the scheduling of Swisstex's deposition of Yarns' PMK (Rindenow) and the production of documents by Yarns.  On May 2, 2014, Swisstex filed a lengthy separate statement in support of its motion to compel the production of documents and the deposition of Rindenow, as well as a request for sanctions.  The separate statement established that Yarns made pattern objections to all 82 requests for production of documents.  Swisstex moved pursuant to Code of Civil Procedure sections 2023.030, subdivisions (a) through (d), and 2025.450, subdivision (a),[3] to compel the depositions after they were continued from their scheduled dates at Yarns' request.  There had been extended difficulty in scheduling the

---

[1] The original complaint was filed by Swisstex in 2011.

[2] Rindenow was dismissed as a cross-complainant by order dated October 14, 2013.  That dismissal is not at issue on appeal.

[3] Statutory references are to the Code of Civil Procedure unless otherwise stated.

2

deposition of Yarns' PMK, but meet and confer efforts resulted in agreed upon deposition dates of May 1, and May 14, 2014. Shortly before May 1, Yarns' counsel served objections to the depositions stating that despite the agreement to appear for the depositions, and against the advice of counsel, Rindenow, as PMK, would not appear.

On May 12, 2014, Yarns filed an opposition to the motion to compel production of documents and depositions. The opposition argued that Yarns and Rindenow were "broke" and Rindenow could not afford to travel from New York to Los Angeles for his deposition. He offered to appear by phone, by Skype, or in person if Swisstex paid his expenses, but Swisstex refused. Citing *Toyota Motor Corp. v. Superior Court* (2011) 197 Cal.App.4th 1107, Yarns argued that Rindenow, a non-California resident, could not be compelled to appear in California for deposition. Yarns contended that terminating sanctions would be premature because it had not disobeyed an order compelling discovery. Rindenow declared that documents had been produced but several hundred were lost during Hurricane Sandy. Counsel for Yarns was relieved on May 14, 2014, after filing a declaration stating in part, "My client's conduct has made it unreasonably difficult for me to carry out the employment effectively."

On May 23, 2014, the trial court granted the motion to compel the production of documents and ordered the deposition of Yarns' PMK. Monetary sanctions of $2,500 were imposed against "Defendants, jointly and severally." The court further ordered that if the PMK did not appear for depositions as ordered by June 1, 2014, Swisstex would be permitted to apply ex parte for evidentiary sanctions, issue sanctions, or terminating sanctions. The record contains no reporter's transcript, or suitable substitute such as a settled or agreed statement, of the May 23 hearing.

Rindenow appeared, without counsel, for deposition in California on May 29 and 30, 2014. On the first day of deposition, he produced none of the documents required under the 82 demands for production. He produced a one-page invoice on the second day of deposition, but no other documents.

On May 30, 2014, counsel for Swisstex provided e-mail notice to Rindenow that Swisstex would apply ex parte for evidentiary, issue, and terminating sanctions on June 2,

3

2014, on the basis of the failure to comply with the production of documents required by the trial court's May 23, 2014 order. Rindenow indicated by e-mail response that he would oppose the requested relief.

A hearing was held on the ex parte application on June 2, 2014. The record on appeal does not contain a reporter's transcript or suitable substitute of the hearing. A minute order reflects the court's ruling granting the ex parte application, conditioned on Swisstex filing a motion for terminating sanctions by June 3, 2014, with opposition filing by noon on June 4, and reply filing by noon on June 5. Hearing on the motion for terminating sanctions was scheduled for June 6, 2014.

On June 3, 2014, Swisstex filed its motion for issuance of terminating, issue and/or evidentiary sanctions, and for entry of default by Yarns. The motion reflected that Yarns produced only one document at the two days of deposition testimony. On June 5, 2014, Swisstex lodged certified condensed transcripts of Rindenow's depositions. The transcripts revealed that Rindenow testified he brought no documents to the deposition. He claimed to have given copies of some documents to a former attorney but he could no longer locate those documents. Some documents were at his house a week earlier but then disappeared. On the second day of the deposition, Rindenow produced a one-page invoice that his wife had faxed to him. He testified that he did not request his former attorney to produce the documents he had faxed to her. Some documents had been destroyed in his home due to a flood during Hurricane Sandy. Yarns did not file a written opposition to the motion for sanctions.

The trial court held a hearing on June 6, 2014. An attorney made a "special appearance" on behalf of Yarns. The minute order indicates the matter was argued, but there is no reporter's transcript or suitable substitute of the hearing. By minute order, the court found Yarns willfully disobeyed the court's May 23, 2014 order by failing to produce documents in response to the 82 document requests in the deposition notice. Yarns failed to demonstrate that its failure to comply was not willful or due to a lack of diligence. The court imposed terminating sanctions (1) prohibiting Yarns from appearing, testifying, and presenting evidence at trial, (2) striking the first amended

4

answer to the operative first amended complaint, and (3) striking Yarns' first amended cross-complaint.

On August 28, 2014, the trial court entered default judgment in favor of Swisstex, including damages, interest, costs, and sanctions. Yarns filed a timely notice of appeal from the judgment.

## DISCUSSION

### *The Order Granting the Motion to Compel*

Yarns argue the trial court abused its discretion in granting Swisstex's May 2, 2014 motion to compel production of documents. Yarns first assert the court abused its discretion by requiring Rindenow to appear in Los Angeles, because he and Yarns were located in New York, and Rindenow was willing to be deposed over the telephone or via Skype pursuant to sections 2025.310, subdivision (a), and 2016.030, but Swisstex refused. Rindenow had also offered to travel to Los Angeles for deposition if Swisstex paid his expenses, but Swisstex refused, even though section 2025.260 authorizes the court to condition appearance at a deposition on the advancement of travel expenses if the deposition is more than 75 miles from the deponent's residence. Yarns also argue 5 of the 82 document requests were irrelevant once Rindenow was dismissed as a cross-complainant, and the sanctions award of $2,500 should not have been entered against Rindenow personally.

### <u>Standard of Review</u>

"The standard of review generally applicable to review of discovery orders is abuse of discretion, as management of discovery lies within the sound discretion of the trial court. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1186; *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 380; *Save Open Space Santa Monica*

5

*Mountains v. Superior Court* (2000) 84 Cal.App.4th 235, 245-246.) In particular, the abuse of discretion standard of review ordinarily applies to review of an order on a motion to compel discovery (*2,022 Ranch v. Superior Court* (2003) 113 Cal.App.4th 1377, 1387) and to review of an order imposing discovery sanctions for discovery misuse. (*R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 496.)" (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.)

When the issue is subject to the abuse of discretion standard of review, the appellants generally "must provide a reporter's transcript at their own expense. (*City of Rohnert Park v. Superior Court* (1983) 146 Cal.App.3d 420, 430-431.) In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement. (*Leslie v. Roe* (1974) 41 Cal.App.3d 104; Cal. Rules of Court, rules 8.134 & 8.137.)" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 (*Foust*).) The requirement that an appellant provide a complete record for review flows from the settled rule that a judgment is presumed correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), and in the absence of a record showing both error and prejudice, the judgment will be affirmed. (*Foust*, *supra*, at p. 187.)

### Analysis

Yarns' challenges to the order compelling production of documents and the imposition of sanctions fails at the outset due to Yarns' failure to include a reporter's transcript, or suitable substitute, of the proceedings of May 23, 2014. The issues raised by Yarns are directed to the sound discretion of the trial court, and without a complete record, we must presume the order is correct.

Even without a complete record, Yarns fall short of establishing an abuse of discretion. To the extent Yarns complain that Swisstex refused to accommodate Rindenow's requests to appear remotely, or to pay his travel expenses, we simply note that Yarns never moved for court orders on these bases, and the issues are therefore forfeited. Yarns' cites *Toyota Motor Corp. v. Superior Court* (2011) 197

6

Cal.App.4th 1107 (*Toyota*), for the proposition that Rindenow could not be compelled to attend a deposition in California as a New York resident. However, the *Toyota* court expressly declined to hold that the limitation on out-of-state travel for deposition applies to corporate representatives such as a PMK. (*Id.* at p. 1125, fn. 20.) The situation presented in *Toyota* is also distinguished from this case because the corporate employer of the witnesses had not filed the action or served a cross-complaint in California. Considering that Yarns invoked the benefits of the jurisdiction of California by filing a cross-complaint, they are in no position to challenge the attendance of their PMK for deposition in California. (See *Glass v. Superior Court* (1988) 204 Cal.App.3d 1048, 1050-1053 [where an Indiana corporation chose California as a forum for its action, out-of-state corporate officers may be compelled to attend a deposition in California].)

Yarns' contention that the order compelling production of 82 classes of documents was excessive because 5 areas pertained to Rindenow, who had been dismissed as a cross-complainant, provides no basis to overturn the order to compel production of documents. Yarns fail to establish that the 5 areas in dispute were only relevant if Rindenow remained a party, but even if so, there remained 77 production demands that go unchallenged on appeal. Viewed objectively, the trial court was presented with a compelling showing that Yarns, acting through Rindenow, had managed to delay the production of documents and the deposition of the PMK for a significant period of time, and once dates for deposition were set, Yarns reneged on their own agreement on short notice and against the good faith advice of their own counsel. The order compelling production of documents, as well as the award of $2,500 in sanctions, was well within the trial court's broad discretionary powers.

Finally, Yarns' complaint that Rindenow should not have been subject to the $2,500 sanctions award is based on the erroneous premise that sanctions were imposed against Rindenow. The minute order awarding sanctions indicated $2,500 was imposed against "Defendants, jointly and severally." The only defendants in the action were the two Yarns corporations. Rindenow was not a defendant, nor was he

7

referenced in the sanctions order.  Similarly, the default judgment reflects the $2,500 award of sanctions, but again, the judgment is against defendants, not Rindenow.

***Proceeding by Ex Parte Application***

Yarns contend the trial court committed reversible error by awarding terminating sanctions on an ex parte basis.[4]  Yarns contend terminating sanctions can only be awarded by noticed motion, citing section 2023.030; *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 5-6; *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 210; and *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 741.

Although Swisstex filed an ex parte application for terminating sanctions, the record is clear that sanctions were not granted on an ex parte basis.  Instead, the trial court shortened time and required Swisstex to file a noticed motion for terminating sanctions.  Swisstex filed its noticed motion, which Yarns did not oppose in writing.  Yarns appeared at the noticed hearing through counsel, and according to the minute order, the issue was argued and terminating sanctions were imposed.

Under these circumstances, the authorities cited by Yarns do not compel reversal.  First, terminating sanctions were not granted ex parte, but were instead granted only after a noticed motion and hearing.  Second, Yarns appeared at the hearing on the noticed motion, and "'[i]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion.  [Citations.]  This rule applies even when no notice was given at all.  [Citations.]  Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion

---

[4] To the extent Yarns can be understood to contend they had no notice of the ex parte application for terminating sanctions, the record is to the contrary.  Swisstex notified Rindenow of the ex parte application, and Rindenow responded by e-mail that he would oppose the request.

or that the notice was insufficient or defective.'" (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288.)

To the extent Yarns complain about the short notice on the motion for terminating sanctions, no prejudice is demonstrated. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 825.) Yarns appeared through counsel at the hearing, and without a reporter's transcript or suitable substitute, Yarns cannot show prejudice. To the contrary, it is undisputed that with the exception of one document, Yarns totally failed to comply with the order to produce documents. Additional time to respond would not cure their noncompliance.

***Abuse of Discretion in Granting Terminating Sanctions***

Yarns argue they did not willfully violate the discovery order by failing to produce documents responsive to the 82 document requests. Yarns reason their failure to comply was not willful, because Rindenow testified he had given documents to his former attorney and he asked counsel to produce the responsive documents. In addition, some of the responsive documents were destroyed by Hurricane Sandy. Yarns also cite to Rindenow's testimony that he tried to obtain bank statements and he had made a diligent search of his home for other missing documents.

Yarns further argue terminating sanctions were not warranted as a remedy. According to Yarns, "courts usually grant lesser sanctions such as evidence sanctions prohibiting the guilty party from introducing designated matters in evidence" and it "is only when a party persists in disobeying the court's order that the ultimate ('doomsday') sanctions of dismissing the action or entering a default judgment are justified." Yarns claim they were not repeat offenders with a history of willful discovery violations.

9

**Standard of Review**

We apply an abuse of discretion standard of review to the trial court's order imposing discovery sanctions. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 (*Sinaiko*).) "A court's decision to impose a particular sanction is 'subject to reversal only for manifest abuse exceeding the bounds of reason. . . .'" (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183) To the extent that we review the trial court's findings of fact, we apply a substantial evidence standard of review (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479), and if "reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning" (*Sinaiko*, *supra*, at p. 401).

**Analysis**

Without a reporter's transcript or suitable substitute of the hearing on the motion for terminating sanctions, we have no basis for concluding the trial court abused its discretion in granting terminating sanctions. The minute order of the hearing indicates the court heard argument, but there is nothing in the record to explain what arguments were offered, if any, by Yarns, or what concessions were made. We presume the trial court acted within the bounds of reason in the absence of proof to the contrary.

The contentions also fail on the merits. Although Yarns cites to Rindenow's various excuses for why none of the documents contained in the 82 production requests were not produced, the trial court was not obligated to accept Rindenow's explanations. Given the history of the case—including former counsel asking to withdraw because of Yarns' conduct in cancelling the agreed upon depositions, along with Rindenow's evasive answers at the deposition—the trial court was well within its discretion in concluding Yarns had willfully failed to comply with its explicit order.

10

Yarns misconstrues the procedural history of the case and the law in their assertion that terminating sanctions should not be granted absent persistent willful discovery violations. As to the procedural history, Yarns overlooks that the trial court did initially impose a lesser sanction when it granted the motion to compel and awarded monetary sanctions. This is not a case in which the trial court resorted immediately to terminating sanctions as a remedy.

As to the law, the court may impose terminating sanctions when appropriate under the circumstances of the case. "If a party fails to obey an order compelling answers to special interrogatories and/or an order compelling a response to a demand for production of documents, the court may impose a terminating sanction by striking out the pleading of that party and/or rendering a judgment by default against that party. (§§ 2023.030, subd. (d)(1) & (3), 2030.290, subd. (c), 2031.300, subd. (c).)" (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1516.) While the determination to impose terminating sanctions should not be made lightly, where the discovery violation is willful and the court determines a less severe sanction would not produce compliance, the trial court is justified in imposing the ultimate sanction. (*Ibid*.)

Before imposing terminating sanctions, the trial court previously granted the motion to compel and sanctions, with a warning that a further failure to comply could result in terminating sanctions. The lesser sanction did not result in discovery compliance, and the court acted well within the bounds of reason in concluding that the time had arrived for a more drastic remedy. Yarns had reneged on their agreement to appear for deposition. This resulted in the motion to compel, which was granted, but even under the threat of terminating sanctions, Yarns produced only 1 document in the face of an explicit court order covering 82 production demands. The trial court had no reason to believe that a lesser sanction would have been effective in securing compliance, and we note that Yarns made no attempt to show that a lesser sanction would result in document production. The imposition of terminating sanctions was well within the broad discretion of the trial court.

11

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Swisstex Direct, LLC.


KRIEGLER, J.

We concur:


TURNER, P. J.


BAKER, J.