Filed 1/29/26  Qi v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| ZEMING QI, | |
| Petitioner, | E086479 |
| v. | (Super.Ct.No. CIVSB 2320216) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| LANG MAO, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Joseph T. Ortiz, Judge.  Petition granted.

Kenneth I. Gross & Associates and Kenneth I. Gross for Petitioner.

No appearance by Respondent.

ArentFox Schiff, Malcolm S. McNeil, Kirsten A. Hart, and Gilbert Mikalian for Real Party in Interest.

1

In this partition action, respondent superior court ordered petitioner Zeming Qi to appear in person for a deposition in California under Code of Civil Procedure section 2025.260. (Unlabeled statutory references are to this code.) Qi filed a petition for writ of mandate challenging that order. He argues that because he does not reside in California, section 1989 prohibits the court from compelling him to attend an in-state deposition. We agree and grant the petition.

RELEVANT DISCOVERY PROVISIONS

Section 2025.250 provides: "Unless the court orders otherwise under Section 2025.260, the deposition of a natural person, whether or not a party to the action, shall be taken at a place that is, at the option of the party giving notice of the deposition, either within 75 miles of the deponent's residence, or within the county where the action is pending and within 150 miles of the deponent's residence." Subdivision (a) of section 2025.260 permits a court to compel the deposition of a party, director, managing agent, or employee of a party "at a place that is more distant than that permitted under Section 2025.250." Section 2025.260, subdivision (b) (section 2025.260(b)), sets forth the factors that the court must consider in determining "whether the interests of justice will be served by requiring the deponent's attendance at that more distant place."

Section 1989 provides: "A witness . . . is not obliged to attend as a witness before any court, judge, justice or any other officer, unless the witness is a resident within the state at the time of service."

BACKGROUND

In August 2023, Qi filed a partition action against his former wife, real party in interest Lang Mao, in the Superior Court of San Bernardino County. Qi sought partition and sale of certain real property in Chino Hills, California. Mao filed a cross-complaint seeking similar relief.

Nearly two years later, in April 2025, Mao filed a motion under section 2025.260 to compel Qi to appear in person for a deposition in Los Angeles, California. Mao argued that it was "unclear what city and country [Qi] actually resides in," so the court should apply the balancing test in section 2025.260(b) and compel Qi to attend his deposition at a place beyond the distance limits prescribed by section 2025.250.

The motion was supported by a declaration from Mao's attorney, Jessica Do, along with several accompanying exhibits. Do described the information that she had received about Qi's place of residence from Qi and his attorney, Kenneth Gross. In November 2024, Qi filed a verified response to interrogatories in which he stated that he had "resided overseas in various locations since 2021." In January 2025, Gross emailed Do that Qi's deposition would have to be taken remotely because Qi "resides abroad." In February 2025, Gross reiterated that "Qi resides outside of the U.S." Several days later, Do asked Gross to provide the city, state, and country of Qi's "present residence" for purposes of scheduling a deposition, and Gross responded, "He is in South America." In March 2025, Gross told Do that Qi was "now" in Europe.

Mao filed a request for judicial notice in support of the motion to compel. The request sought judicial notice of the complaints and dockets in lawsuits that Qi had filed

3

in San Bernardino County against other defendants in June 2022 and August 2024. In the complaint filed in June 2022, Qi alleged that "at all times relevant hereto" he worked in Rancho Cucamonga, California. The complaint involved events that allegedly transpired between December 2021 and March 2022. In the complaint filed in August 2024, Qi alleged that he "currently resides in People's Republic of China and from time to time resides in the County of Los Angeles."

Qi opposed the motion to compel, arguing that section 1989 prohibited the court from requiring him to appear in person for the deposition, because he is not a resident of California. In a supporting declaration, Qi stated that he is a citizen of China, is "currently residing in Slovakia," and is "not a resident of the United States." Qi also attested that he "currently [has] no plans to visit the United States." The declaration was signed on May 28, 2025, in Slovakia. In a supporting declaration signed the following day, Gross asserted that "[p]resently Mr. Qi lives in Slovakia."

The trial court granted the motion to compel and took judicial notice of the complaint that Qi filed in June 2022. The court ordered that Qi's deposition take place within 150 miles of the real property at issue in this litigation.

The court held a hearing on the motion, but it was not transcribed. In its written ruling, the court observed that Qi had "not provided any specific address of residence, except to state through counsel that, in February of 2025, he was in South America and later, in March of 2025, he was in Europe." The court acknowledged that Qi had "several cases pending in" San Bernardino County and that Qi alleged in the June 2022 complaint that he "'at all relevant times hereto worked'" in Rancho Cucamonga. The court found it

significant that Qi had "submitted to the jurisdiction" by filing those lawsuits and by owning the subject property in joint tenancy with Mao. The court noted that Qi "indicates he is a citizen of China, *not* the United States, and he is currently in Slovakia with no plans to return to or visit the United States." The court nevertheless reasoned that given Qi's ties to San Bernardino County, "whether he likes it or not, he is obligated to tend to affairs in San Bernardino County, whether he currently 'plans to visit' or not."

The court stated that "it appears that [Qi] either has *no* residence or is deliberately obfuscating his specific address for purposes of avoiding deposition." The court explained: "While [Qi's] declaration and argument indicate where he 'resides' or 'resided' abroad over the past few years, they undisputably indicate that he is in 'various locations.' [Citation.] This is an obfuscation given the plain meaning of the term 'reside.'"

The court applied the balancing test in section 2025.260(b) to determine whether to order that the deposition be conducted outside the distance limitations imposed by section 2025.250, subdivision (a). In discussing the relevant factors, the court found that "it is clear that Plaintiff selected the forum; will need to be present for the trial in the matter; and the interests of justice would best be served by allowing [Mao] to take [Qi's] deposition in California rather than attempting to *guess* what country Plaintiff may visit next."

Qi subsequently filed this petition for a writ of mandate, and we issued an order to show cause. We stayed proceedings in the superior court pending further order of this court.

5

DISCUSSION

Qi argues that the trial court erred by ordering him to appear in person for a deposition in California under section 2025.260(b). He contends that section 1989 prohibits courts from compelling a party witness who resides outside of California to attend a deposition in California. We agree.

I.     *Statutory interpretation*

The issue presented involves a question of statutory interpretation, which we independently review. (*Toyota Motor Corp. v. Superior Court* (2011) 197 Cal.App.4th 1107, 1113 (*Toyota Motor*).) *Toyota Motor* resolved the same issue presented here as applied to a nonparty witness. (*Id.* at p. 1112.) *Toyota Motor* concluded that the plain language of section 1989 prohibits compulsion of the in-person deposition of a nonparty witness in California when the witness is not a California resident. (*Toyota Motor*, at pp. 1113-1114.) We agree with *Toyota Motor*'s reasoning and analysis and conclude that the analysis applies equally to party witnesses.

Section 1989 provides that "[a] witness, including a witness specified in subdivision (b) of Section 1987, is not obliged to attend as a witness before any court, judge, justice or any other officer, unless the witness is a resident within the state at the time of service." The witnesses specified in subdivision (b) of section 1987 include "a party to the record of any civil action." (See also *Twin Lock, Inc. v. Superior Court* (1959) 52 Cal.2d 754, 760 (*Twin Lock*) [in an earlier version of section 1989, "[t]he word 'witness' includes a prospective witness who is a party"], superseded by statute on another ground as stated in *Toyota Motor*, *supra*, 197 Cal.App.4th at pp. 1117-1121.)

6

Section 1878 defines "[a] witness" as "a person whose declaration under oath is received as evidence for any purpose, whether such declaration be made on oral examination, or *by deposition* or affidavit." (Italics added.) As *Toyota Motor* explained, because section 1878 defines a witness to include a deponent, section 1989 "applies not only to those witnesses obliged to attend as witnesses in court proceedings, but [to] those witnesses obliged to give testimony by deposition before deposition officers." (*Toyota Motor*, *supra*, 197 Cal.App.4th at p. 1113.)

Thus, section 1989 applies to a prospective witness who is a party (§ 1987, subd. (b); see also *Twin Lock*, *supra*, 52 Cal.2d at p. 759), and section 1989 also applies to depositions (§ 1878; *Toyota Motor*, *supra*, 197 Cal.App.4th at p. 1113). Section 1989 therefore provides that a prospective witness who is a party is "not obliged to attend [a deposition] unless the witness is a resident within the state at the time of service." (§ 1989; *Toyota Motor*, at p. 1113.)

The question remains whether despite the restriction imposed by section 1989, section 2025.260 vests the trial court with discretionary authority to compel a witness who is not a California resident to appear in person for a deposition in California. *Toyota Motor* answered the question in the negative, and we agree with and adopt its analysis.

*Toyota Motor* reasoned: "While section 2025.260, subdivision (a), provides for a court to permit a deposition of a party or officer, director, managing agent, or employee of a party at a place 'that is more distant than that permitted under Section 2025.250 [75 miles from the deponent's residence or within the county where the action is pending and within 150 miles of the deponent's residence],' section 2025.260 does not provide for

7

those depositions to be held at a place more distant than that permitted by section 1989. There is simply no conflict between the plain language of sections 1989 and 2025.260. Section 2025.260 *permits* depositions more than 75 (or 150) miles from a deponent's residence, but section 1989 *restricts* a deponent from being required to attend a California deposition if the deponent is not a California resident." (*Toyota Motor*, *supra*, 197 Cal.App.4th at p. 1113.)

*Toyota Motor* also thoroughly analyzed the legislative history of sections 1989, 2025.250, and 2025.260 and concluded that it supports the plain language interpretation, namely, that section 2025.260 does not apply to an out-of-state resident, whom a court cannot compel to attend a deposition in California under section 1989. (*Toyota Motor*, *supra*, 197 Cal.App.4th at pp. 1114-1122.) We agree with and need not repeat that discussion.

Finally, *Toyota Motor* concluded that *Glass v. Superior Court* (1988) 204 Cal.App.3d 1048 (*Glass*) does not require a contrary result. (*Toyota Motor*, *supra*, 197 Cal.App.4th at pp. 1123-1124.) *Glass* held that section 1989 did not prohibit requiring out-of-state residents to appear in person for depositions in California. (*Glass*, at p. 1050.) *Glass* concluded that former section 2025 (the then-existing predecessor to sections 2025.250 and 2025.260) implicitly repealed section 1989 and applied to out-of-state residents. (*Glass*, at p. 1051.) *Glass* derived that conclusion from the determination that former section 2025 was "virtually identical" to a 1959 code provision (former section 2019) discussed in *Twin Lock*. (*Glass*, at p. 1052.)

*Toyota Motor* explains, however, that the 1959 statute included the introductory phrase "'[n]otwithstanding section 1989'" (*Twin Lock*, *supra*, 52 Cal.2d at p. 760; former § 2019), thus making the balancing test of section 2025.260's predecessor applicable despite (or notwithstanding) section 1989. (*Toyota Motor*, *supra*, 197 Cal.App.4th at pp. 1115-1117.) But the later version of the statute at issue in *Glass* (i.e., former section 2025), like the current version of section 2025.260(b), did not include the "[n]otwithstanding" language. (*Toyota Motor*, at p. 1123.) *Glass*'s characterization of the two statutes (former section 2019 and former section 2025) as being "virtually identical" is therefore erroneous.[1] (*Glass*, *supra*, 204 Cal.App.3d at p. 1052.) *Toyota Motor* accordingly rejected *Glass*'s conclusion that former section 2025 implicitly repealed section 1989 to allow courts to compel out-of-state residents to attend depositions in California. (*Toyota Motor*, at pp. 1123-1124.) We agree with *Toyota Motor*'s analysis.

_____

[1]     In a footnote, *Glass* addressed the Legislature's removal of the "'[n]otwithstanding section 1989'" language as follows: "Real parties' remaining substantive argument is that the Legislature's 1986 deletion of 'Notwithstanding Section 1989' from subdivision (b)(2) of section 2019 evidences an intent on its part to restore the limitations of section 1989 as they existed before the *Twin Lock* decision. However, real parties offer no legislative history or other compelling support for their argument. Furthermore, it is more reasonable to assume the Legislature determined the phrase was superfluous in light of the 30-year-old *Twin Lock* decision, its revised discovery scheme and its stated goal of eliminating unnecessary cross-references to other discovery statutes." (*Glass*, *supra*, 204 Cal.App.3d at p. 1053, fn. 3.) We agree with *Toyota Motor* that the analysis is not persuasive. The legislative history confirms "that the omission of the '[n]otwithstanding Section 1989' language in 1986 was intentional, and must be given effect." (*Toyota Motor*, *supra*, 197 Cal.App.4th at p. 1123.) And "*Twin Lock* found that language to be important to its analysis; removing the language removes one of the underpinnings of *Twin Lock* and renders its discussion of the 1959 version of [former section 2019] inapplicable." (*Id.* at pp. 1123-1124.)

In sum, section 1989 prohibits a trial court from compelling a witness, including a party, who is not a California resident to appear in person for a deposition in California. Other statutory provisions govern taking "depositions of non-California residents in the state or country of their residence. Section 2026.010[] provides for depositions in other states, and section 2027.010 provides for depositions in foreign nations." (*Toyota Motor*, *supra*, 197 Cal.App.4th at p. 1113.)

II.     *The trial court's findings*

Mao argues that regardless of whether section 1989 prohibits compelling an out-of-state resident to appear in person for a deposition in California, the trial court did not abuse its discretion by granting the motion to compel, because the court found that Qi had not established where he resided for purposes of determining whether the section 1989 prohibition applied. We are not persuaded.

The trial court did not find that Qi resided in California. Instead, the court found that Qi had failed to provide a specific residence address and either had "*no* residence" or resided in various locations abroad over the past few years. Section 1989 prohibits a court from compelling a witness who resides outside California to appear in person for a deposition in California. The trial court therefore could grant the motion to compel only if the court found that Qi resided in California "at the time of service." (§ 1989.) The trial court consequently erred by ordering Qi to appear in person for a deposition in California without making that finding.

Moreover, the trial court could not have made that finding, because it would not be supported by any evidence. The record contains no evidence that Qi resided in California

10

at any time during the pendency of this lawsuit.  Rather, the evidence shows that Qi did not reside anywhere in the United States during that period.  In his verified response to interrogatories in November 2024, Qi stated that he had resided in "various locations" abroad since 2021.  In emails to Mao's attorney about scheduling Qi's deposition, Qi's attorney repeatedly confirmed that Qi "resides abroad" and "outside of the U.S."  And in opposition to the motion to compel, Qi and his attorney said that Qi resides in Slovakia.

The June 2022 complaint alleges that Qi worked in Rancho Cucamonga "at all relevant times hereto," but that is irrelevant for at least two reasons.  First, it does not state that Qi resided in Rancho Cucamonga (or elsewhere in California) at that time.  Second, the relevant period for that action was December 2021 through March 2022, and the complaint in this action was filed in August 2023.  The allegation in the prior complaint therefore has no tendency to show that Qi resided in California at the time of service of any document in this action.

For all of these reasons, it does not matter that Qi and his attorney never provided Mao or the trial court with a specific residence address for Qi.  Section 1989 prohibits compulsion of Qi's in-person appearance for a deposition in California if Qi is not a resident of California.  Thus, in order to apply the section 1989 prohibition, the court did not need to know Qi's exact address.  Rather, in order to avoid that prohibition, the court needed to find that Qi was a resident of California.  No such finding was possible on this record.

11

DISPOSITION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the trial court (1) to vacate its order granting Mao's motion to compel Qi to appear in person for a deposition in California, and (2) to enter a new and different order denying the motion.  The stay of proceedings in the trial court is lifted.  Qi shall recover costs incurred in this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

12