Filed 10/1/20  KJ Investment Group, Inc. v. American Heritage College, LLC CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KJ INVESTMENT GROUP LLC,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>AMERICAN HERITAGE COLLEGE, LLC et. al.,<br><br>   Defendants and Appellants. | G058270<br><br>(Super. Ct. No. 30-2018-00989692)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Fox Rothschild, Mitchell S. Kim and Joseph A. Ungaro II for Plaintiff and Respondent.

Kenney & Kropff and David E. Kenney for Defendants and Appellants.

\*          \*          \*

This is a challenging appeal. The lengthy opening brief (AOB) filed by appellants Chanh Huu Nguyen and American Heritage College, LLC (collectively AHC) is largely comprised of a series of convoluted factual claims which are only sporadically supported by citations to the record. The brief introduces an extensive cast of characters without explaining who they are, how they relate to each other, or what roles they play in the dispute on appeal. Indeed, the exact nature of the dispute, and the relationship of the named parties to each other, is not revealed until page 47 of appellants' 55-page opening brief. As we said, this case is a challenge.

As near as we can tell at this point, KJ Investment LLC, a commercial landlord, sued AHC for failure to pay rent in accordance with the parties' lease agreement. There were only two witnesses at trial—Chae Hong Chung, who testified on behalf of the landlord, KJ Investment, and Nguyen, who testified on behalf of the tenant, AHC. AHC's primary complaint on appeal appears to be that the trial court erred by concluding that Chung was a credible witness and relying on his testimony to support the judgment. We remind appellants that determining credibility is the exclusive province of the trier of fact, and thus such determinations are not reviewable on appeal. We find no error in the trial court's reliance on Chung's testimony.

AHC characterizes the "question presented" in this appeal as a legal issue involving a determination as to who was required to pay for required accessibility upgrades to the common areas associated with the leased premises. However, AHC fails to develop the point with any meaningful analysis or authority. AHC also ignores the trial court's implicit determination that KJ Investment was obligated to pay for such upgrades, but only if given written notice which AHC never provided. Under these circumstances, the issue provides no basis for reversing the judgment. We therefore affirm it.

# FACTS[1]

AHC intended to operate as an "[i]nternet college," providing "vocational education programs in areas such as medicine, construction, electrical, English, computer science, music, and movies."

In March 2017, AHC entered into a five-year lease agreement for premises located in a commercial property in Garden Grove. Nguyen signed a personal guaranty of AHC's performance under the lease.

Shortly after the lease documents were signed, AHC and the property owner entered into an amendment delaying the commencement date of the lease term from May 1, 2017 to July 1, 2017. Around that same time, KJ Investments purchased the property from the prior owner.

The lease included a provision stating the lessor warranted that, to the best of its knowledge, existing improvements located in the leased premises or common areas complied with the building codes, applicable laws, regulations, and ordinances in effect at the time that each improvement was constructed (defined collectively as the "Applicable Requirements"). That warranty excluded any representation about compliance with the Americans with Disabilities Act (42 U.S.C. § 12111 et seq., ADA) because compliance is dependent upon the lessee's specific use.

The provision further stated that if the premises did not comply with the lessor's warranty regarding the Applicable Requirements, the lessor would rectify the non-compliance after receiving written notice from the lessee. The lease otherwise placed responsibility on AHC to determine whether or not the Applicable Requirements were appropriate for its intended use, and obligated AHC, at its sole expense, to comply

---

[1] Our appellate record does not include the complaint, any other pleadings, or any documents filed with the court before the end of trial. AHC failed to provide a properly supported statement of facts in its brief. Consequently, we must piece together our statement of facts largely from the trial court's statement of decision.

with all Applicable Requirements and to make any ADA modifications required by its use of the premises, at its own expense.

AHC was unable to operate without a business license, and as a condition of obtaining that license, AHC was required to obtain a Conditional Use Permit (CUP) from the city of Garden Grove (the City). An addendum to the lease specified that "[AHC] must obtain and maintain at all times, all required City, County, State, and Federal Government li[c]enses required to operate."

In July 2017, AHC submitted its application for a CUP, and that application was provisionally approved in September 2017. The City advised AHC that in order to obtain the final CUP, it would have to show compliance with several requirements, including one that it "'modify the vanity tops in the second floor men's and women's restrooms . . . to be accessible, install an accessible drinking fountain in the common hallway, and modify the first floor front entry that leads directly to the second floor to be accessible.'"

Nguyen anticipated that once AHC received the provisional CUP, it would take a few months to complete the required work on the premises, and AHC would be able to commence classes in January 2018. The court found that whereas KJ Investment facilitated the modification of the premises, Nguyen and the architect hired by AHC were not diligent.

At one point, KJ Investment informed AHC via e-mail that the architectural plans had not yet been approved by the City, and without that approval no construction could be done. The e-mail encouraged Nguyen to use any influence he might have with the City to obtain the required approval. The e-mail reminded Nguyen that while the lease made AHC responsible for the CUP process and the cost of any remodeling required by that process, KJ Investment had agreed to pay for remodeling of the bathroom specifically.

4

In December 2017, AHC's parent company cancelled its authority to operate as an internet college pursuant to their joint venture agreement, citing several alleged justifications. In January 2018, AHC informed KJ Investment that it was not able to continue with the lease.

Although the parties made some effort to negotiate a resolution of the lease, that effort was unsuccessful. In May 2018, KJ Investment filed suit against AHC for damages based on breach of the lease agreement.

The case was tried to the court in June 2019. Chung testified on behalf of KJ Investment, while Nguyen testified on behalf of AHC. Numerous documents were entered into evidence. The court found in favor of KJ Investment, "awarding it $135,049.03 in damages."

## DISCUSSION

1. *Arguments Presented on Appeal*

AHC tells us that the "question presented" in this appeal, which it characterizes as a "legal issue," is "who has the legal obligation to pay for common area improvements[,] . . . The landlord and tenants, or AHC?" However, AHC also contends this appeal "presents mixed questions of fact and law" and "requests the examination of the facts presented, and precluded, at trial, for an independent determination of their effect as a matter of law."

AHC claims the judgment must be reversed because "[t]he court displayed bias, exhibited prejudice [fn. omitted], and committed error repeatedly"; because the court "neither accepted [n]or weighed, but excluded evidence and refused to allow relevant facts into evidence concerning KJ Investment's lease and legal obligations"; and because the court "erred in connection with defendant's application for a Conditional Use Permit [by] placing all of those obligations . . . in contravention of the lease and its

5

requirement of allocation amongst tenants, upon . . . AHC." AHC also complains that "Chae Chung and his counsel misadvised and misled the court."

None of these complaints are supported by evidence in the record, developed into an argument that might justify reversal, or supported by legal authority.[2] Instead, as the sole legal authority for these contentions, AHC "rel[ies] on *Bowers v. Bernards* [(1984) 150 Cal.App.3d 870, 874] for re-examination of the entire record, and *J.H. McKnight Ranch[, Inc.] v. Franchise Tax [Bd.* (2003) 110 Cal.App.4th 978 (*McKnight*)] based upon abuse of discretion and for contract review." That quote constitutes AHC's entire discussion of those two authorities and how they relate to the issues presented.

Rather than presenting any sort of cogent legal argument, the AOB is essentially an extended factual statement.[3] After summarizing its complaints about the trial court at pages 15-16 of its opening brief, and stating its "question presented" at page 17, AHC returns to its factual recitation, offering an additional 30 pages of largely unsupported facts, including a description of selected lease provisions, selected excerpts of documents filed with permitting authorities, and alleged communications among the

[2] We believe that at least some of the evidence AHC asserts was erroneously excluded relates to "the School of Theology," another tenant that leased office space on the same floor as AHC. In its brief, AHC refers to "the School of Theology," while observing that the trial court "precluded and prohibited examination" relating to it. At one point, AHC contends the court "erred [by] barring inquiry related to the School of Theology, the other comparable tenant on the second floor." AHC provides no legal authority or analysis to support that claim of error. Consequently, that claim is waived; we presume the court acted properly by excluding the evidence.

[3] Most of the facts detailed by AHC are not supported by citations to the record. Among the many unsupported facts is AHC's contention that although Chae testified at trial that the premises leased by AHC were still vacant at the time of trial, "In January [o]f 2019, Jong Chul Ha apparently moved H&KC, Inc. into the premises; and, in February of 2019, he apparently moved LH USA, Inc. into the premises." The record contains no evidence that supports this statement.

6

parties, their agents, and third parties. Although this rendition is nearly granular in detail, it only intermittently references the record and is not tailored to discuss the issues previously alluded to.

As noted at the outset, it is not until page 47 of the AOB that AHC reveals who brought the lawsuit against whom (KJ Investment against AHC) and for what purpose (to recover in excess of $36,000 in damages largely related to AHC's failure to pay its rent). It is not until page 49 of its brief that AHC attempts to explain why it was excused from its obligation to pay rent under the lease, and not until page 50 that AHC references the trial court's decision.

As in all cases, our analysis begins with the proposition that "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." (*Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th 645, 649–650.) As a result, "[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

Further, even when the appellant identifies and substantiates a claim of error, it is the appellant's obligation to demonstrate, based on legal authorities, how those problems affected the judgment, and why they were prejudicial. (Code Civ. Proc., § 475 ["No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, . . . and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown"]; Cal. Const., art.VI, § 13.) Thus, if AHC is contending the court made a legal

7

error in its interpretation of the parties' lease, or committed any other error below, it has the affirmative obligation to develop that contention, support it with legal authority, and explain why the error prejudiced the outcome of the case. AHC has done none of those things either in its briefing or during oral argument.

Indeed, AHC never explains how the "question presented" in its AOB, i.e., "who has the legal obligation to pay for common area improvements," bears on the merits of the judgment. We might guess that AHC is suggesting that if we conclude KJ Investment was obligated to pay for those improvements under the terms of the lease, then its failure to do so would have excused AHC's obligation to pay rent for the premises. But AHC never makes that argument, nor offers any legal authority to support it.[4]

Moreover, AHC proceeds without acknowledging that the court's statement of decision actually allows for the possibility AHC is correct in suggesting that KJ Investment had some responsibility for the payment. In fact, the court made a finding that "[i]f there were items in the Common Areas that were not in compliance, the Lessor is responsible upon receiving written notice from [ACH]." However, the court further found "that no written notice was ever given." In light of that finding, even if we agreed

---

[4] What AHC does do is assert—albeit in discrete allegations sprinkled throughout its brief—that (1) after AHC's CUP was provisionally granted in September, the "CUP related work needed to be completed in the common area to obtain the final permit"; (2) "KJ Investment [was] required *to make* common area improvements" (italics added) and to "proceed with diligence to modify the [common areas] to be accessible"; and (3) that AHC "resumed payment of rent in October of 2017 in good faith, expecting CUP related work to be accomplished." None of those assertions is supported by a citation to the record. To the extent we can infer an argument from those assertions, it would seem to be that KJ Investment was obligated not only to *pay* for the CUP work, but also to ensure it got done in a diligent fashion, and that it was KJ Investment's failure to *complete that work* diligently which excused AHC's failure to pay rent. That would be a significantly different argument than the one AHC characterizes as the "question presented" in this appeal.

8

with AHC on the legal question of who was obligated to pay for the common area improvements, we could not reverse the judgment unless AHC also demonstrated the court erred in concluding written notice was required to trigger that obligation. AHC has not done so.

AHC's lament about Chung's questionable credibility fares no better. We are constrained by the rule that it is the trier of fact—whether trial court or jury—that is the sole judge of witness credibility. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582 ["in a bench trial, the trial court is the 'sole judge' of witness credibility. [Citation.] The trial judge may believe or disbelieve uncontradicted witnesses if there is any rational ground for doing so"].) "[A] trial judge has an inherent right to disregard the testimony of any witness . . . . The trial judge is the arbiter of the credibility of the witnesses." (*La Jolla Casa de Manana v. Hopkins* (1950) 98 Cal.App.2d 339, 345–346.) Because the trial court explicitly found Chung to be credible, we accept its determination. (See *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 980 ["A single witness's testimony may constitute substantial evidence to support a finding"].)

As we have already noted, the trial court made explicit findings that KJ Investment facilitated the modification of the premises as required by the CUP, whereas Nguyen and the architect hired by AHC were not diligent. Thus, the court determined that it was AHC, rather than KJ Investment, that was responsible for whatever delays may have occurred. Consequently, even if we were persuaded that the construction had not been completed in a timely fashion, AHC would have to demonstrate that the court's findings about the parties' relative diligence were wholly unsupported by evidence. It has made no such attempt.

AHC makes no other cognizable assertions in its briefing. Having concluded that none of the assertions we were able to extract are meritorious, we affirm the judgment.

9

## DISPOSITION

The judgment is affirmed.  KJ Investment is entitled to its costs on appeal.


GOETHALS, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.